---
Advisory Opinion to the Governor.
---

When the legislature is convened in extra session by executive proclamation, it is the duty of the Governor under the Constitution to transmit to the Senate for its action thereon, appointments to the offices of Circuit Judge, State Attorney and Judge of the Criminal Court of Record that have been made since the adjournment of the last session of the Senate.

State of Florida,
Executive Department,
Tallahassee, September 25, 1912.

To the Honorable Chief Justice and the Justices of the Supreme Court of Florida.

Gentlemen:

On June 10, 1911, Honorable Ira J. Carter, having been nominated and confirmed by the Senate to be Judge of the Third Judicial Circuit of Florida, was commissioned for a term of six years. On July 13th, 1912, Judge Carter tendered his resignation of such Judgeship, effective August 1, 1912. On August 5th, 1912, Honorable Mallory F. Horne was commissioned to be Circuit Judge of the Third Judicial Circuit of Florida until the end of the next ensuing session of the Senate.

On October 30, 1911, Honorable George W. Walker

resigned as State Attorney for the Second Judicial Circuit of Florida, to take effect December 15, 1911. On December 15, 1911, Honorable John W. Henderson was commissioned to be State Attorney for the Second Judicial Circuit of Florida until the end of the next ensuing session of the Senate.

On June 9, 1911, Honorable Charles O. Andrews, having been duly nominated and confirmed by the Senate to be Judge of the Criminal Court of Record for Walton County, was commissioned to be such Judge for a term of four years. On August 31, 1911, Judge Andrews tendered his resignation of such Judgeship, effective October 1, 1911. On October 3, 1911, Honorable H. L. Grace was commissioned to be Judge of the Criminal Court of Record for Walton County until the end of the next ensuing session of the Senate.

In pursuance of the provisions of Section 8 of Article IV of the State constitution, a special session of the Legislature has been called to convene at the capital on October 1, 1912, for the consideration of certain special matters embodied in the Governor's call for such special session.

Under the provisions of Section 13 of Article IV of the State constitution, I have the honor to request an opinion from the Justices of the Supreme Court as to whether the appointments of Messrs. Horne, Henderson and Grace, as above stated, should be submitted by me to the Senate for confirmation or rejection at the said special session of the Legislature; or whether the commissions held by such officers run until the end of the next *regular* session of the Senate.

Very respectfully,
ALBERT W. GILCHRIST,
Governor.

In the Supreme Court of Florida,
June Term, A. D. 1912,
Tallahassee, Fla., September 26, 1912.

To His Excellency,
   Albert W. Gilchrist,
      Governor of Florida.

Sir:

Your letter has been received requesting an opinion upon the question whether under the constitution executive appointments to fill vacancies that have occurred since the adjournment of the last session of the Senate in the offices of Circuit Judge, State Attorney, and Judge of the Criminal Court of Record should be sent to the Senate for confirmation at an "extra" session of the Legislature called by your Excellency to convene on October first next, or whether appointments to fill such vacancies should be transmitted to the Senate for its action thereon at the next regular session to convene in April, 1913.

The constitution ordains that "The regular sessions of the Legislature shall be held bi-ennially, commencing on the first Tuesday after the first Monday in April A. D. 1887, and on the corresponding day every second year thereafter; but the Governor may convene the same in extra session by his proclamation." Section 2, Article III. "The Governor may, on extraordinary occasions, convene the Legislature by proclamation, and shall in his proclamation state the purpose for which it is to be convened, and the Legislature when organized shall transact no legislative business other than that for which it is especially convened, or such other legislative business as the Governor may call to its attention while in session, except by a two-thirds vote of each house." Section 8

Article IV. "Circuit Judges ———————— shall be appointed by the Governor and confirmed by the Senate, and ———— shall hold their office for six years." Section 8 Article V, as amended.

"The Governor, by and with the consent of the Senate, shall appoint a State Attorney in each Judicial Circuit, whose duties shall be prescribed by law, and who shall hold office for four years." Section 15, Article V. Where a Criminal Court of Record is established by law, a Judge thereof, "shall be appointed by the Governor and confirmed by the Senate, who shall hold his office for four years." Section 24, Article V.

"When the office of any Judge shall become vacant from any cause, the successor to fill such vacancy shall be appointed or elected only for the unexpired term of the Judge whose death, resignation, retirement, or other cause created such vacancy." Section 33, Article V.

"When any office, from any cause, shall become vacant, and no mode is prescribed by this constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term." Section 7, Article IV.

The statute provides that when a vacancy in an office may occur "it shall be the duty of the Governor to fill such office by an appointment ——————— and in cases requiring the confirmation or the advice and consent of the Senate, the person so appointed may hold until the end of the next ensuing session of the Senate, unless an appointment be sooner made and confirmed and consented to by the Senate." Section 301, General Statutes.

In an advisory opinion to the Governor, 45 Fla. 154,

34 South. Rep. 571, it is said: "Under the provisions of Section 7, Article IV. of the constitution, in conjunction with Section 217 Revised Statutes, where a vacancy occurs in the office of Circuit Judge or in that of Judge of a Criminal Court of Record during a recess of the Senate, the Governor properly fills such vacancy by appointment to hold not longer than the end of the next ensuing session of the Senate, and when such next ensuing session of the Senate convenes it is the duty of the Governor to submit appointees to fill such vacancies to the Senate for confirmation for the unexpired term." The same rule applies to State Attorneys. Section 217 of the Revised Statutes, now Section 301 of the General Statutes.

The constitution clearly contemplates joint action by the Governor and Senate in the matter of these appointments, when possible and as soon as possible, and the provision for a *locum tenens* until the Senate may act requires the construction that the Senate should be permitted to act when next in session however convened.

The confirmation by the Senate of executive appointments to office cannot be regarded as "legislative business" within the meaning of Section 8, Article IV of the constitution, since such confirmation is not essentially legislative in its nature and does not require the co-operation of the House of Representatives.

The Governor is therefore advised that under the constitution it is his executive duty to transmit to the Senate for its action thereon, at the "extra" session convened by executive proclamation, appointments to the office of Circuit Judge, State Attorney and Judge of the

Criminal Court of Record that have been made since the adjournment of the last session of the Senate.

Very respectfully,

J. B. WHITFIELD,
R. F. TAYLOR,
T. M. SHACKLEFORD,
R. S. COCKRELL.
Justices of the Supreme Court.