In Re Advisory Opinion to the Governor.

Opinion Filed January 13, 1919.

1. Where an additional Judicial Circuit is created by law and after the adjournment of the Legislature, a Judge of such circuit is appointed by the Governor, which appointment is reported to and confirmed by the Senate at its next ensuing session, the commission issued to such Judge after being confirmed should be for the remainder of the term which began with the first appointment by the Governor if such term has not expired under Sec. 8, Art. V. Const. as amended in 1902.

2. Where an additional Judicial Circuit is created by law and after the adjournment of the Legislature a State Attorney for such additional circuit is appointed by the Governor and such appointment is reported to and confirmed by the Senate at its next ensuing session, the commission issued to such State Attorney after being confirmed, should be for four years from the first appointment by the Governor.

State of Florida—Executive Chamber.
Tallahassee, January 13, 1919.

*Hon. Justices of the Supreme Court of Florida,*
*Tallahassee, Fla.:*

GENTLEMEN—Pursuant to Section 13 of Article IV of the Constitution of Florida, I have the honor to request your official opinion upon a question affecting my consti-

tutional duties and powers involving the appointment of Circuit Judges and State's Attorneys.

The Legislature of 1917 created the Fifteenth Judicial Circuit. After the adjournment of the Legislature I appointed as Circuit Judge of the Fifteenth Judicial Circuit Hon. E. B. Donnell, and as State's Attorney Hon. Edgar C. Thompson, their commissions reading "to end with the adjournment of the next Senate." Each of these gentlemen went into the primary and each was nominated for the office. At the Special Session of the Legislature I deemed it my duty to submit their appointments to the Senate for confirmation and both of these appointments were confirmed by the Senate.

The question immediately arose as to the duration of the term of office to which I should appoint them under the commission to be issued following the expiration of the commission first issued. The precedent seems to have been established in cases where circuits have been created by the Legislature and appointments made to the office of Judge and State's Attorney, respectively, to issue their commissions, first until the adjournment of the next Senate and then for terms of six and four years respectively. This precedent has been called into question.

I wish to have your opinion as to what my powers and duties as Governor are in issuing the commissions in the above stated case.

Respectfully submitted,

SIDNEY J. CATTS,
Governor.

Supreme Court of Florida,

Tallahassee, January 13, 1919.

To His Excellency Sidney J. Catts,

Governor of Florida.

Sir:

Replying to your recent inquiry, you are advised that in our opinion, while Section 8 of Article V of the Constitution as amended in 1902 provides that "Circuit Judges * * * shall be appointed by the Governor and confirmed by the Senate, and * * * shall hold their office for six years;" it also provides that a Judge for an additional circuit therein provided for "shall be appointed for a term equal to the unexpired term of the other Circuit Judges." The spirit, if not the letter, of this latter provision is applicable to the appointment of Circuit Judges for other additional circuits created under Section 35 of Article V of the Constitution as amended in 1910. Therefore, where an additional circuit was created by the Legislature of 1917, and after the adjournment of that session the appointment of a Circuit Judge for such additional circuit was made by the Governor under Section 7 of Article IV of the Constitution and Sections 298 and 301 of the General Statutes "until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed and consented to by the Senate," and at the ensuing session convened in November, 1918, the appointment of the Circuit Judge is confirmed, the commission issued to the appointee after his confirmation by the Senate should be for a term of six years from the first appointment made and commission issued thereon by the Governor after the additional circuit was created in 1917, that being the time when by regular cycle the six-year terms of the other Cir-

cuit Judges begin. This conclusion harmonizes with Section 33 of Article V.

Where an additional circuit is created by law and after the adjournment of the Legislature the Governor appoints and commissions a State Attorney for such additional circuit to "hold until the end of the next ensuing session of the Senate," etc., under Section 7 of Article IV of the Constitution and 'Sections 298 and 301 of the General Statutes and at the next ensuing session of the Senate the appointment of such State Attorney is confirmed, the commission issued thereunder to such appointee should, under Section 15 of Article V of the Constitution be for a term of four years from the first appointment made and commission issued by the Governor to the State Attorney after the additional circuit was created.

> Respectfully,
> JEFFN. B. BROWNE, C. J.,
> R. F. TAYLOR,
> J. B. WHITFIELD,
> W. H. ELLIS,
>     Justices Supreme Court.