THE STATE OF FLORIDA ex rel. FRED H. DAVIS, as Attorney General of the State of Florida, *Relator*, v. VINCENT C. GIBLIN, *Respondent*.

En Banc.

Opinion filed October 30, 1929.

*Fred H. Davis*, Attorney General, *McCune, Hiaasen & Fleming, C. N. McCune, C. A. Hiaasen, T. F. Fleming, Walsh, Beckham, Farley & Ellis, Howard Dresbach, Thomas E. Swanson*, and *Rogers & Morris*, and *Price, Price, Kehoe & Kassewitz*, for Relator;

*Baxter, Byrd & Walton, John C. Cooper, Jr., James M. Carson* and *John P. Stokes* for Respondent;

*W. T. Hendry, James T. Vocelle* and *Chas. A. Mitchell*, as *Amici Curiae*.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the demurrer of the respondent to the information, upon the motion of the respondent to quash the information, and upon the motion of the relator for a judgment of ouster against the respondent notwithstanding the return or answer filed by the respondent, and the pleadings having been duly considered by the Court upon briefs and argument of counsel for the respective parties, and the Court being equally divided in opinion

as to the disposition to be made of the said pleadings, Mr. Chief Justice TERRELL, Mr. Justice ELLIS and Mr. Justice BUFORD being of the opinion that the demurrer to the information should be sustained, the information quashed and the motion for judgment of ouster denied, while Mr. Justice WHITFIELD, Mr. Justice STRUM and Mr. Justice BROWN are of the opinion that the demurrer should be overruled, the motion to quash the information denied and the motion of the relator for a judgment of ouster be granted, as is indicated by the opinions this day filed in the cause; it is thereupon considered, ordered and adjudged by the Court that the said demurrer of the respondent be and the same is hereby overruled, that the motion to quash the information be and the same is hereby denied and that the motion for a judgment of ouster herein be and the same is hereby denied.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.

ELLIS, J.—Information in the nature of *quo warranto,* signed by the Attorney General for the State, was filed in the Court in June, 1929. By leave of Court an amendment was filed July 5, 1929. The information charges that Hon. Vincent C. Giblin has since the 21st day of June, 1929, used, exercised, enjoyed and performed without warrant or authority of law, in violation of the Constitution of Florida, the franchise, functions, jurisdiction and powers of Circuit Judge of the Twenty-second Judicial Circuit of the State of Florida.

A specific instance was given in which the respondent on that date signed as judge of that circuit certain orders in a cause pending in chancery in that court, and it is al-

leged that he still claims the right and title to use, enjoy, exercise and perform the franchise, functions and powers of Circuit Judge of that circuit.

The Court takes judicial knowledge of much which is alleged in the information, such as: the Act of the Legislature, Chapter 12433, Acts of Florida, 1927, being "An Act Defining and Fixing Territory and Boundaries of the Fifteenth Judicial Circuit; Creating the Twenty-second Judicial Circuit; Providing for a Circuit Judge and State's Attorney in the Twenty-second Judicial Circuit; and Providing and Fixing the Time for the Holding of Terms of the Circuit Court in the said Twenty-second Circuit; and Effect on Pending Litigation, and making Appropriation for Payment of Salaries of Judge and State's Attorney"; the date of its approval by the Governor; the appointment by the Governor of the respondent to be judge of the circuit; his confirmation by the Senate; the issuing of the commission; the respondent qualifying under it and the exercise by him of the powers and performance of his duties as judge of that circuit. The Court also takes judicial cognizance of the appointment by the Governor of the Honorable George W. Tedder to be judge of that circuit; the date and terms of the commission issued to him and the confirmation of his appointment by the Senate. See State v. Bloxham, 42 Fla. 501, 28 So. R. 762; Perry v. Bush, 46 Fla. 242, 35 So. R. 225; State v. Phillips, 64 Fla. 105, 59 So. R. 241; Brown v. Harley, 2 Fla. 159; Charlotte Harbor & N. R. Co. v. Welles, 78 Fla. 227, 82 So. R. 770; Amos v. Gunn, 84 Fla. 285, 94 So. R. 615; 7 Ency. of Ev. 947-974-978-980; De La Rosa v. State, (Tex. Crim.) 21 So. W. R. 192; State v. Evans, 8 Humph. (Tenn.) 110.

When one assumes an office under the Constitution and laws of the State he is required by the Constitution to take

an oath that he will support, protect and defend the Constitution and Government of the United States and of the State of Florida; that he is qualified to hold office under the Constitution of the State and that he will well and faithfully perform the duties of the office on which he is about to enter. Art. XVI, Sec. 2, Constitution of Florida.

One's relation to an office which he enters, therefore, is not so much a matter of personal right to enjoy its privileges and emoluments as a duty which he owes to the State to discharge the duties and exercise the powers with which the legal occupancy of the office vests him for and during the term of the office on which he enters. When an office is created by the Constitution or by the Legislature acting within its powers and the term of such office is fixed by the provisions of either the Constitution or the statute it is not within the power of the Governor after appointment of a person to such office and his confirmation by the Senate, if that is the method prescribed for his selection, to shorten the term of office by any limitations in the commission issued to such appointee.

The Constitution of the State does not require the Governor to issue a commission to circuit judges appointed by him and confirmed by the Senate, nor does Chapter 12433, *supra,* make any such requirement as to the person appointed and confirmed to be judge of the Twenty-second circuit. No act of the Legislature makes any such requirement of the Governor except in cases where the officer is required to give bond. Indeed, it is doubtful if under a constitution containing the phraseology which ours contains in the matter of the selection of both Supreme Court Justices and circuit judges such a statute would be valid. Supreme Court Justices are elected by the people and are required to hold office for a term of six years. Their com-

missions are held directly of the people. Circuit court judges are appointed by the Governor and confirmed by the Senate and are required to hold their office for six.years. Their commissions are held under the concurring act of two powers of the government.

Where the issue of a commission is not made by law a necessary part of the election or appointment of a person to office, the appointment is complete when the choice of the appointing or electing power has been made. Even when under the law an appointment or election to office is not complete until the officer has been commissioned, the issue of the commission is in many circumstances regarded as a ministerial act which may be enforced by mandamus. See Hill v. State, 1 Ala. 559; State v. Towns, 8 Ga. 360; State v. Hodges (Ark.), 154 So. W. R. 506; State v. Crawford, 28 Fla. 441, 10 So. R. 118, 14 L. R. A. 253.

While the appointment of an officer is usually evidenced by a commission it is not essential as a general rule to the validity of the appointment that a commission issue. See Commonwealth v. Waller, 145 Pa. 235, 23 Atl. R. 382; Marbury v. Madison, 1 Cranch (U. S.) 137, 2 L. Ed. 60; Shuck v. State, 136 Md. 63, 35 N. E. R. 993.

It would indeed be an anomalous situation if after an election to office by the people or selection by the concurrent action of two powers of the government the possession of the office should depend upon the will of a commissioning officer as to whether he would issue a commission for a part of the term of office, or for the entire term, or withhold it altogether and thus modify or defeat the election of the person to such office.

Mr. Chief Justice MARSHALL, speaking for the Supreme Court of the United States in Marbury v. Madison, *supra,*

after discussing the distinction between the acts of appointing to office and commissioning the person appointed, said: "It follows, too, from the existence of this distinction, that if an appointment was to be evidenced by any public act, other than the commission, the performance of such public act would create the officer; and if he was not removable at the will of the president, would either give him a right to his commission, or enable him to perform the duties without it."

The respondent demurred to the information and later interposed a return and answer to the rule but reserving his right to insist upon the demurrer. The answer admits the matters of fact alleged in the petition and avers that neither in his appointment by the Governor nor the confirmation of such appointment by the Senate was the duration of the term of office to which he was appointed set forth, designated or mentioned; that after the confirmation by the Senate of his appointment to be judge of the Circuit Court for the Twenty-second Circuit and before any commission was issued to him by the Governor the respondent "duly signed, swore and subscribed to and filed his oath of office." He avers that he thereupon became and was the duly qualified judge of the circuit court of the said circuit and became and was entitled to hold said office for and during the term provided for by Chapter 12433 of the Acts of 1927 of the Laws of Florida.

The Governor has no power to remove circuit judges from office. They are subject only to removal by impeachment. Art. III, Sec. 29, Constitution of Florida.

As neither the Constitution nor the statutes make the issuing of a commission by the Governor to circuit judges appointed by the concurring act of himself and the Senate

a necessary part of the appointment it follows that the appointment of the respondent, his selection to be judge of the circuit court was complete when the Senate by confirmation of the Governor's appointment performed the last public act necessary to the creation of the officer. See State v. Barbour, 53 Conn. 76, 22 Atl. R. 686, 55 Am. R. 65; Speed v. Detroit, 97 Mich. 198, 56 N. W. R. 570.

It is well recognized, although occasion has not often brought the principle under discussion, that when the appointing power has once exercised its functions it has no more control. The language of the Supreme Court of the United States in Marbury v. Madison, *supra,* is most appropriate here and forcefully illustrates the proposition announced and contended for by the respondent. It must be remembered that while in Marbury v. Madison it was held that signing the commission by the President was the last public act of the appointment it was so held by reason of the provision in the Constitution of the United States, as follows: The President of the United States "shall take care that the laws be faithfully executed, and shall commission all the officers of the United States." Art. II, Sec. 3, Const. of the U. S. The Constitution of Florida provides that "The Governor shall take care that the laws be faithfully executed." Art. IV, Sec. 6, Const. of Fla. In the Marbury case the last public act in the matter of the Marbury selection to office was the signing of the commission by the President. In the case at bar the last public act in the matter of respondent's selection to office was the confirmation of the appointment by the Senate.

The language of Judge Marshall in the Marbury case was as follows: "The last act to be done by the president is the signature of the commission. He has then acted on

the advice and consent of the Senate to his own nomination. The time for deliberation has then passed. He has decided. His judgment, on the advice and consent of the Senate concurring with his nomination, has been made, and the officer is appointed. This appointment is evidenced by an open, unequivocal act, and, being the last act required from the person making it, necessarily excludes the idea of its being, so far as respects the appointment, an inchoate and incomplete transaction. Some point of time must be taken when the power of the executive over an officer, not removable at his will, must cease. That point of time must be when the constitutional power of appointment has been exercised; and this power has been exercised when the last act required from the person possessing the power has been performed.''

In United States v. Bradley, 10 Pet. (U. S.) 343, 9 L. Ed. 448, it was held that the appointment of a paymaster is complete when made by the President and confirmed by the Senate and in Dyer v. Bayne, 54 Md. 87, it was held that an appointment was complete on confirmation by the Senate and it related back to the time of the nomination. Even where a bond is required of the officer who has been duly elected or appointed and confirmed by the Senate the *approval* of the bond is not essential to the vesting of the title of the office in the person so elected. See United States v. Le Baron, 19 How. (U. S.) 73, 15 L. Ed. 525.

Conditions imposed by the statute, such as giving bond and taking the oath are conditions precedent to the complete investiture of the possession of the office not conditions precedent to his election or appointment to office. When he has performed the required conditions his title. to enter on the possession of the office is complete. The transmission of a commission to him is unnecessary even

in the matter of Federal appointment where the Constitution requires the President as the last public act in the selection of an officer to sign the commission.

The Supreme Court of the United States said in the Le Baron case: "If, by any inadvertence or accident, it (the commission) should fail to reach him, his possession of the office is as lawful as if it were in his custody. It is but evidence of those acts of *appointment* and *qualification* which constitute his title, and which may be proved by other evidence, where the rule of law requiring the best evidence does not prevent."

The language of Judge Alvey in the Dyer-Bayne case, *supra,* is peculiarly applicable here. It is as follows: "The Governor had no discretionary power over the appointment after confirmation, nor had he power to withhold the commission; for the issuing of the commission was a mere ministerial act. The efficient and only discretionary act of the Governor in making the appointment, was in making the nomination; and the Senate having no other power over the nomination than to concur or nonconcur in it, the act of the Governor became complete and effective with the concurrence of the Senate, and it related back to the time of the nomination. The act of the Senate, and the subsequent ministerial act of the Governor in issuing the commission, both related to the principal act of the Governor in making the nomination; the commission being evidence only of the appointment. And the appointment being thus allowed to speak as from the time of the principal act done in making it, all difficulty upon the terms of the Constitution is at once removed. There can be no good reason why the principle of relation should not be applied in a case like the present, as it is constantly applied in many

others, for the advancement of justice, and to give full and complete effect to legal proceedings. We think it should be so applied.''

Our Constitution provides that the Governor may grant a commission to fill a vacancy for an unexpired term. Art. IV, Sec. 7, Const. of Fla.

All grants and commissions are required to be under authority of the State and sealed with the great seal, signed by the Governor and countersigned by the Secretary of State. Art. IV, Sec. 14, Const.

Neither of these sections, however, make the granting of a commission to a Justice of the Supreme Court elected by the people, or to a Judge of the Circuit Court appointed by the Governor and confirmed by the Senate, an act precedent to the complete investiture of the office in the person so elected or chosen.

This proposition necessarily is true as a logical sequence of the legal principle obtaining in this State that in the case of a circuit judge the Governor has no power of suspension or removal from office. This is the explanation of the reason why in adopting the Constitution of this State the power was not invested in the Governor to limit by a commission the term of office of a person chosen to be Circuit Judge and why signing a commission was not made an official public act necessary to such election. Such power has never been vested in the Governor of this State under any of its many constitutions. Commissions have always issued to circuit judges but the acts of issuing them have been ministerial acts in cases where such officers have either been elected by the people or by the General Assembly, or by appointment by the Governor, and confirmation by the Senate. As a method of preserving the judicial history of the State and keeping the records of public acts in systematic

and chronological order the practice is wise and beneficial, but it is not and has never been an essential act to the complete investiture of the office in the judicial officer.

It follows, therefore, that when the respondent was appointed by the Governor and confirmed by the Senate to be judge of the Twenty-second Circuit he became with the filing of the oath of office completely invested with the title to the office of judge of that circuit and charged with the duty to discharge its functions for the period prescribed by the law under which he was appointed and confirmed. That law, Chapter 12433, *supra*, provided that "there shall be a circuit judge and state's attorney in said circuit who shall be appointed and confirmed and hold office for the term as provided for other judges and state's attorneys by the Constitution of the State of Florida."

What term does the Constitution of Florida provide for other judges? Supreme Court Justices hold office for the term of six years, except the first three who were elected, and they held for two, four and six years and thereafter for six years. Circuit judges are required to be "appointed by the Governor and confirmed by the Senate" and "who shall hold their office for six years." County judges hold for four years; judge of the Criminal Court of Record of Escambia County held for four years; the term of office of judges of additional judicial circuits, which from time to time may be created by the Legislature as it deems necessary, is fixed by the Constitution to be "the same as is herein provided for the circuit judges herein already provided for." The judge of the Circuit Court of Duval County holds for a term of six years. Additional circuit judges for circuits already in existence hold for a term of six years. All circuit judges are chosen by appointment by

the Governor and confirmation by the Senate. See Sections 2, 8, 16, 24, 35, 41, 42 and 43, Const. of Fla., Art. V.

We think that the clause in Chapter 12433, *supra,* reading as follows: ''who shall be appointed and confirmed and hold office for the term as provided for other judges'' means appointed by .the Governor and confirmed by the Senate and hold office for the *term* as provided for other circuit judges. ·

The word ''term.'' means: ''That which limits the extent of anything; limit; bound; termination; end. A limited or definite extent of time; the time for which anything lasts; as a term of five years; the term of life; a presidential term.'' See Webster's New International Dictionary of the English Language, 1925 Edition.

The *term* as provided for other circuit judges by the Constitution of the State of Florida is six years. The amendment to Section 8 of the Constitution adopted at the general election in 1902 does not in anywise alter the term as provided by the Constitution during which circuit judges hold office. The Constitution was being amended to increase the number of judicial circuits from seven to eight. The proposition was made by the Legislature in 1901. It expressly provided that the eight circuit judges who shall be appointed by the Governor and confirmed by the Senate shall hold their office for six years; but it made special provision for the eight circuit judges when the Legislature should have divided the State into eight circuits by providing that his first term should be less than six years. To that time the State was divided by the Constitution into seven judicial circuits. By the amendment the Legislature was empowered to divide the State into eight circuits, the judges for which were required to be appointed by the Governor and confirmed by the Senate but as the terms of office of the judges of the seven judicial circuits already existing would

not expire in 1903, at which session the Legislature was required to divide the State into eight judicial circuits, provision was made that they should continue in office until the expiration of their then existing term of office as judges of the circuits respectively in which, under such division, the county of his residence may be included. The judge for the additional circuit should be appointed for a term equal to the unexpired term of the other circuit judges upon such division being made.

Under that provision of the Constitution the number of circuit courts created by the Constitution was increased to eight. The circuit courts which have been created since then have been created by the Legislature under an amendment to Section 35 of Art. V adopted at the general election in 1910. Under that section of the Constitution all restrictions upon the Legislature in the matter of the creation of the circuit courts in excess of eight created by the Constitution were removed.

In 1903 by Chapter 5120 the Legislature divided the State into eight judicial circuits and on May 11, 1903, the Hon. J. T. Wills was appointed until the end of the next Senate, unless an appointment be sooner made and confirmed by the Senate, to be judge of the newly created eighth circuit. When the amendment to Section 35 was adopted the term of office of all circuit judges was six years.

The county of Lake was created from portions of Sumter and Orange counties in 1887 by Chapter 3771 and by that Act was attached to the Seventh Judicial Circuit. By Chapter 5120, *supra*, it became part of the Fifth circuit.

Section 42 of Art. V of the Constitution proposed in 1911 and adopted at the general election of 1912 created another judge of the Circuit Court of Duval County in addition to the circuit judge of the circuit in which that county was

situated. Such judge was required like all others to be appointed by the Governor and confirmed by the Senate and to hold office for six years. That amendment constituted the precedent for the policy subsequently adopted in 1922 by the addition of Section 43 to Art. V, providing for the appointment of one or more additional circuit judges for the circuits as the business of such circuits in the judgment of the Legislature should require. The limitations upon that power are in relation to matters with which we are not now concerned. No distinction was made by either Section 42 or 43 between the "additional judge for Duval county," the additional judges that might be created for other circuits and the circuit judges of the eight circuits created by the Constitution. Such additional judges have all the powers and perform all the duties that are or may be provided or prescribed by the Constitution or by statute for circuit judges and all statutes concerning circuit judges apply to them. They were also to be appointed and confirmed by the Senate "and hold office for six years."

So at the time of the creation of the Twenty-second Circuit the term of office as provided for other judges by the Constitution of the State of Florida was six years. For the term as so provided the newly created judge of that circuit was to hold office.

It is contended, however, by the relator that the phrase "term of office as provided for other judges by the Constitution" means that the first term of office of the newly created judge must be for a period of time not in excess of the period yet unexpired of the term of other circuit judges and thereafter the term should be for six years. So that the term of office of all circuit judges, excluding the additional circuit judge for Duval County and all other additional circuit judges, should begin together and end at the same time. Such a construction

makes a distinction between circuit judges appointed for the circuit court created by Section 8 as amended and Section 35 of the Constitution under Legislative authority and the additional circuit judges provided for by Sections 42 and 43 of Art. V at least in point of term of office which neither the sections mentioned including Section Eight nor the language of the statute creating the Twenty-Second Circuit justifies.

There is nothing in the statute, Chapter 12433, *supra,* about unexpired terms of other Circuit Judges nor is there in the declared purpose of the act that the circuit judge shall be "appointed and confirmed and hold office for the term as provided for other judges by the Constitution" any direct or indirect, express or implied qualification which conveys the idea that the judge first appointed shall hold office for the unexpired term of other Circuit Judges, nor for a term which should expire in the year 1929.

If there is any such implication it must be found in the spirit of the Constitution, the judicial history of the State, or a custom which has prevailed in the appointment of Circuit Judges of circuit courts created by legislative authority.

In the first place, the so-called spirit of the Constitution is an unsubstantial, elusive and attenuated sort of thing which exists, if at all, not in the purpose of the instrument as declared by its unambiguous words and phrases, but something which is assumed to arise from the mental conception of the reader as to a state policy.

Mr. Cooley in his excellent work on Constitutional limitations says that the Constitution should be construed according to the words of the instrument taken in their plain, ordinary and commonly accepted meaning. The presumption is that language has been employed with suffi-

cient precision to convey the intent. Cooley's Const. Lim. (6th Ed.) 72; Caro v. Caro, 45 Fla. 203, 34 So. R. 309; Gibbons v. Ogden, 9 Wheat. (U. S.) 1, 6 L. Ed. 23; State of S. C. v. United States, 199 U. S. 437, 26 Sup. Ct. R. 110, 50 L. Ed. 261, 4 Ann. Cas. 737.

The governmental power to establish courts and to define their jurisdiction is legislative in character, belongs to the General Assembly and is limited only by the Constitution, which is not a grant of power to the Legislature but a limitation upon its power. See Brown on Jurisdiction, Sec. 12; State ex rel. Dunham v. Nixon, 232 Mo. 98, 133 So. W. R. 336.

The amendment to Section 35 of Art. V of the Constitution adopted in 1910 was not a grant of legislative power but a removal of limitations found in that instrument upon the creation of more circuit courts than provided for theretofore in that instrument, yet in the words "additional judicial circuits" is found a limitation upon the power to decrease the number already provided for by the Constitution. The only distinction therefore between the circuit courts provided for by the Constitution and additional circuit courts is that the latter may be created by the Legislature while the former exist by virtue of the terms of the Constitution creating and establishing them. Their powers, jurisdiction, terms of office, by which is meant definite period of time fixed for holding office, and salaries are the same. The difference is: additional judicial circuits created by the Legislature may be abolished at will by the Legislature but those created by the Constitution may not.

If the Act in question had used the following words: The judge of the Twenty-second Judicial Circuit shall be appointed and confirmed for a term of six years, would it have been void? The contention is that such legislative

purpose as expressed by these words would be violative of the *spirit* of the Constitution.

But the courts are not at liberty to declare an Act void because in their opinion it is opposed to a *spirit* supposed to pervade the Constitution, but not in express words. When the fundamental law has not limited either in terms or by necessary implication, the general powers conferred upon the Legislature, we cannot declare a limitation under the notion of having discovered something in the spirit of the Constitution which is not even mentioned in the instrument. See Cooley's Const. Lim. (8 Ed.) 351 and the numerous authorities cited. Yet the words of the Act are sought to be interpreted by this so-called *spirit* supposed to have been discovered in the Constitution.

The courts should not declare a statute void or inoperative on the ground that it is opposed to a *spirit* that is supposed to pervade the Constitution, or because the statute is considered unjust or unwise or impolitic. See State v. Johns, 92 Fla. 187, 109 So. R. 228. Nor should the purpose of the statute as shown by its plain and unambiguous words be altered upon any such ground.

It has been shown that the term of office begins to run from the date of appointment, not from the date of confirmation by the Senate or the date which may be fixed in the commission issued by the Governor.

In an advisory opinion to the Governor on May 12, 1927, in the matter of an appointment of an additional circuit judge for the Eleventh Circuit we expressed the opinion that the term of office of additional circuit judge for that circuit began to run from the date of appointment, which was one year and four months before the convening of the Legislature in 1927. In re Advisory Opinion to Governor, 93 Fla. 1024, 113 So. R. 115. And in another advisory opinion rendered April 30, 1927, in relation to the creation of

the Twenty-sixth Judicial Circuit we expressed the opinion that Sections 8 and 35 and Section 43 of Article V of the Constitution all relate to the same subject: the division of the State into judicial circuits; the appointment of circuit judges and additional circuit judges therefor; their terms of office, salary and jurisdiction; the terms of court to be held in the circuits; the exchange of circuits and the residences of the judges for the several circuits. Those provisions should be taken and construed together. They constitute one constitutional provision upon the subjects contained therein. See Advisory Opinion to the Governor, 93 Fla. 948, 113 So. R. 113.

The provision in Sec. 8 of Art. V of the Constitution that "a judge for the additional circuit shall be appointed for a *term* equal to the unexpired term of the other circuit judges upon such division being made" was a special one applicable only to the newly created Eighth Circuit. To say that provision was intended to apply to all circuit courts that might thereafter be created by legislative enactment under a constitutional provision not yet adopted and not to be adopted until eight years thereafter, at a time when it was not the policy of the government or the people to create circuit courts other than by constitutional provision, which had been the judicial history of the State since its admission into the Union, is to make a heavy draft upon the imagination.

To say that all circuit judges hold their terms by six year cycles expiring at the same time is to state a proposition which necessitates the differentiation between judges of circuit courts created by the Constitution and those created by the Legislature and additional circuit judges in that particular. It would also require a meaning to be given to the phrase "at the same time" which would signify not on the same date at all, but in the same year,

possibly the same legislative cycle of two years at different dates. The term of a judge of the circuit court may expire in August, 1929; under the Constitution he is required to remain in office until his successor is duly qualified. An appointment may not be immediately made. It may come as late or later than April, 1930. The appointee qualifies, assumes office, and is confirmed by the Senate in 1931. He holds office only from the date of his appointment but for the term of six years. In that case his term would expire in 1936 while the terms of others would be expiring at different times in the year 1935.

Such a situation has existed in the judicial history of this State. Under the Constitution of 1838, as amended in 1852-1853, all four circuit judges held under commissions issued in December, 1853, for terms running for six years from January 1, 1854. All terms were then to expire in January, 1860. Commissions were issued to their successors for terms to expire in January, 1866, but James B. Dawkins was commissioned by Governor Milton on December 18, 1862, to hold for six years from that date as Judge of the Suwannee Circuit. His term would then expire in 1868.

Under the Constitution of 1865 the Legislature was required to divide the State into convenient circuits, judges to hold office for six years after election. Judges were all elected in October, 1865, and held commissions reading for a term of six years from that date. Their terms would expire in 1871 but the Constitution of 1868 interrupted that cycle. The State was divided into seven judicial districts, the Constitution distributing the thirty-nine counties between the seven districts. All circuit judges were to hold for eight-year terms and be appointed by the Governor. All judges now held commissions dated in July or August, 1868, for terms running for eight years from such dates. They would all expire, therefore, in 1876. But Governor

Reid appointed P. W. White in July, 1869, to be judge of the Second Circuit to hold office for eight years from June, 1869. The appointment was confirmed and he held for a term expiring in June, 1877. William Bryson was appointed for the Third Circuit January, 1871, and confirmed to hold for eight years from that date. His term then expired in 1879. Thomas T. Long was appointed in 1871 for the Fourth Circuit. His appointment was confirmed to hold for· eight years from January 20, 1871. His term, therefore, would have expired in January, 1879, but in 1872 Calvin Gillis received an *ad interim* appointment from "Acting Governor" S. T. Day to hold from February 29, 1872, and Francis D. Wheaton received an *ad interim* appointment on May 27, 1872, and then Robert B. Archibald was appointed and confirmed on January 24, 1873, to be judge of the Fourth Circuit to hold. eight years from January 24, 1873. His term would, therefore have expired on January 24, 1881. So that as late as 1873 judges of circuit courts held office under appointment and confirmation for eight-year terms commencing and expiring as follows:

First Circuit: August, 1868, expiring July, 1876; Second Circuit: July 1869, expiring June, 1877; Third Circuit: January, 1871, expiring January, 1879; Fourth Circuit: January 24, 1873, expiring January, 1881; Fifth Circuit: August, 1868, expiring August, 1876; Sixth Circuit: August, 1868, expiring August, 1876; Seventh Circuit: August, 1868, expiring July, 1876.

Then later W: W. Vanness was appointed by Governor Stearns in February, 1875, to be judge of the First Circuit. The appointment was confirmed, his commission issued to hold for eight years from that date, his term expiring February, 1883. Judge E. J. Van was appointed by Gov.· ernor Drew to the Third Circuit in January, 1879, to hold

for eight years, or until January, 1887. D. S. Walker was appointed by Governor Drew in February, 1879, to hold for eight years as judge of the Second Circuit. His term would expire in 1887. Hon. A. E. Maxwell was appointed February, 1879, as judge of the First Circuit to hold for eight years. Hon. J. M. Baker was appointed by Governor Bloxham to be judge of the Fourth Circuit in February, 1881, to hold for eight years and Hon. T. F. King was appointed by Governor Bloxham to be judge of the Fifth Circuit to hold for eight years from February 22, 1883, his term expiring in 1891.

The advisory opinion to the Governor in the matter of the Donnell appointment is not inconsistent with the views expressed in this opinion. The conclusion was correct.

The Legislature in 1917 created the Fifteenth Judicial Circuit by Chapter 7351. The Act provided that a judge should be appointed, confirmed and hold office for the term provided by the Constitution. After the Legislature adjourned Governor Catts appointed Hon. E. B. Donnell. At a special session of the Legislature held in November, 1918, the appointment was confirmed. The Court held that the commission should be for a term of six years from the first appointment made and commission issued by the Governor after the additional circuit was created in 1917. What the Court said about the "regular cycle the six-year terms of the other circuit judges" was unnecessary. Advisory Opinion to the Governor, 76 Fla. 649, 80 So. R. 519.

The advisory opinion to the Governor in the matter of the appointment of Hon. W. H. Price in December, 1925, to be additional Judge of the Eleventh Circuit is in harmony with the views expressed herein. See Advisory Opinion to the Governor, 93 Fla. 1024, 113 So. R. 115.

The views expressed in the opinion to the Governor in the matter of the appointment of Hon. Geo. W. Whitehurst

to be Judge of the Twelfth Judicial Circuit were expressed before the adoption of the Forty-third amendment which occurred in 1922. The circuit was created by Chapter 7845 Laws 1919. The court held that the Judge appointed should be commissioned for a period of four years "that being a term equal to the unexpired term of the other Circuit Judges." The Court cited the advisory opinion given in the Donnell matter. See Advisory Opinion to the Governor, 78 Fla. 5, 82 So. R. 612.

In an advisory opinion to Governor Drew in 1887 Mr. Justice Westcott announced the rule that where the term of office is fixed by the Constitution each succeeding incumbent appointed in accordance with the Constitution holds the office for the full term. See Advisory Opinion, 16 Fla. 841.

In the case of Simonton v. State, 44 Fla. 289, 31 So. R. 821, the Court discussed the effect of the provisions of the Constitution of 1885 in so far as they related to filling vacancies in office for the unexpired term which the original appointee might have held, and has no bearing upon the question before us in this proceeding.

Our conclusion is that if there ever existed any well founded theory under the Constitution of 1885 that all Circuit Judges created by the Constitution of 1885 should hold office for a term beginning at a certain time and expiring at a certain time six years later the amendments to Section 35 and amendments to Sections 42 and 43 of the Constitution, adopted in 1912 and 1922 respectively, have rendered such position untenable at least as to the Judges of Circuit Courts created by the Legislature and the creation of additional circuit judges.

In this view of the case, the respondent is the duly appointed and chosen judge of the Twenty-second Circuit; he was appointed and confirmed for a period of six years from

the date of his appointment, and the demurrer to the information should be sustained and the information dismissed.

TERRELL, C. J., AND BUFORD, J., concur.

WHITFIELD, J.—An "additional judicial circuit" was created and established in 1927 under Section 35, Article V, of the Constitution as amended in 1910. The respondent was appointed in 1927 judge of such additional judicial circuit for a term of two years to conform to the cycle periods beginning in 1887 of six-year terms of office of judges of judicial circuits, the current cycle in 1927 being 1923 to 1929. The appointment for a period of two years was required by the judicial interpretation of the intent of amended Section 35, considered in connection with amended Section 8, Article V, Constitution. In Re Advisory Opinion to the Governor, 76 Fla. 649, 80 So. R. 519; In Re Advisory Opinion to the Governor, 78 Fla. 5, 82 So. R. 612. In *quo warranto* proceedings it is contended for the respondent that he should have been appointed for a term of six years upon the theory that Section 43, Article V of the Constitution destroyed the cycle periods of six-year terms established in 1887 for the terms of office of the judges of judicial circuits, at least as to additional judicial circuits created under amended Section 35, Article V, Constitution. By its plain terms Section 43, Article V of the Constitution adopted in 1922 authorizes the Legislature to provide for the appointment of one or more "additional circuit judges" for any judicial circuit having not less than 75,000 inhabitants, when the judicial business of such circuit requires more than one judge; and Section 43 has no reference to the terms of office of the judges of "additional judicial circuits" that may be created and established under Section 35, Article V, as amended in 1910.

Section 43 provides that "additional circuit judges" "shall be appointed by the Governor and confirmed by the Senate, and hold office for six years," and such provision has no bearing whatever on the cycles that control the terms of office of judges of the judicial circuits under amended Sections 8 and 35, Article V, Constitution. There is no provision in Section 43 that expressly or by fair intendment destroys or in any way affects the six-year cycle terms established in 1887 and continued by amended Sections 8 and 35, Article V, Constitution of 1885.

Under original Section 8, Article V, Constitution of 1885, there were seven circuit judges and the State was divided into seven judicial circuits, which circuits containing designated counties remained as defined by Section 3, Article XVI of the Constitution of 1868. See Section 3, page 332, McClellan's Digest; Section 10, Article V, Constitution of 1885. One circuit judge appointed by the Governor and confirmed by the Senate, was assigned to each judicial circuit, the term of office of each circuit judge being six years, the cycle beginning in 1887. Under the amendment to Section 8, Article V, adopted in 1902, the State was in 1903 divided into eight judicial circuits; one circuit judge appointed by the Governor and confirmed by the Senate was assigned to each circuit, the term of office of each circuit judge being six years; and the judge of the additional (eighth) circuit was required to be appointed "for a term equal to the unexpired term of the other circuit judges." The cycle of six years beginning in 1887 terminated in 1893, 1899, 1905, 1911, 1917, 1923, 1929, so that the appointment of a judge for the additional (eighth) judicial circuit created and established by Chapter 5120, Acts of 1903, "for a term equal to the unexpired term of the other circuit judges," was for the two years of the cycle terminating in 1905. Thereafter in each judicial circuit theretofore or

thereafter created and established, a circuit judge was appointed "for a term equal to the unexpired term of the other circuit judges," thereby continuing the original 1887 cycle.*

---

* The Ninth, Tenth and Eleventh Judicial circuits were created and established by Chapter 6197, Acts of 1911, and the appointment in 1911 of a judge for each of said additional circuits, were each for a term of six years according with the cycle 1911 to 1917. Chapter 6899, Acts 1915, creating the Twelfth judicial circuit was held to be unconstitutional. State ex rel. v. Hilburn, 70 Fla. 55, 69 So. R. 784. The territorial limit of the Sixth Judicial circuit was contracted and the Thirteenth Judicial circuit was created and established by Chapter 6975, Acts 1915. . The judge of the Sixth Judicial circuit became the judge of the Thirteenth Judicial circuit in which he resided, and the appointment in 1915 of a judge for the new Thirteenth Judicial circuit was for two years according with the cycle 1911 to 1917. The Fourteenth Judicial circuit was created and established by Chapter 6976, Acts 1915, and the appointment in 1915 of a judge for the new Fourteenth Judicial circuit was for two years according with the cycle 1911 to 1917. The Fifteenth Judicial circuit was created and established by Chapter 7351, Acts 1917, and the appointment in 1917 of a judge for the new circuit was for six years the then cycle being 1917 to 1923. See In Re Advisory Opinion to the Governor, 76 Fla. 649, 80 So. R. 519. Chapter 7845, Acts 1919, contracted the boundaries of the Tenth Judicial circuit and created a new Twelfth Judicial circuit, and the appointment in 1919 of a judge for the new Twelfth judicial circuit was for four years in the cycle 1917 to 1923. The Sixteenth Judicial circuit was created and established by Chapter 9164, Acts 1923, and the appointment of a judge for such additional judicial circuit in 1923 was for six years the then cycle being 1923 to 1929. Likewise as to the Eighteenth Judicial circuit created and established by Chapter 9162, Acts 1923. The Seventeenth Judicial circuit was created and established by Chapter 7847, Acts 1919, and the appointment in 1919 of a judge for such additional judicial circuit was for four years the then cycle being 1917 to 1923. In Re Advisory Opinion to the Governor, 78 Fla. 5, 82 So. R. 612. The Nineteenth Judicial circuit was created and established by Chap-

By an amendment to Section 35, Article V, adopted in 1910, the legislature was authorized to "provide for the creation and establishment of such additional judicial circuits as may from time to time become necessary, and for the appointment by the Governor and confirmation by the Senate of additional circuit judges therefor, whose terms of office and general jurisdiction shall be the same as is herein provided for the circuit judges, herein already provided for."

Amended Section 35, Article V, provides that the "terms of office" of the judges of "additional Judicial Circuits," "shall be the same as * * * for the Circuit Judges * * * already provided for." In order to be "the same" the terms must be of the same length and of the same cycle as the terms of office of the circuit judges "already provided for" and the circuit judges "already provided for" are those under amended Section 8, Article V, all having the same length and cycle of terms.

---

ter 10082, Acts 1925, and the appointment of a judge in 1925 for such additional judicial circuit was for four years the then cycle being 1923 to 1929. Likewise as to the Twentieth Judicial circuit created and established by Chapter 10084, Acts 1925; and as to the Twenty-first Judicial circuit under Chapter 10079, Acts 1925. The Twenty-second Judicial circuit was created and established by Chapter 12433, Acts 1927, and the appointment in 1927 of a judge for such additional judicial circuit was for two years, the cycle then being 1923 to 1929. Likewise as to the Twenty-third Judicial circuit under Chapter 12434, Acts 1927; and as to the Twenty-fourth Judicial circuit under Chapter 12436, Acts 1927, as to the Twenty-fifth Judicial circuit under Chapter 12437, Acts 1927; as to the Twenty-sixth Judicial circuit under Chapter 12438, Acts 1927; as to the Twenty-seventh Judicial circuit under Chapter 12440, Acts 1927; and as to the Twenty-eighth Judicial circuit under Chapter 12441, Acts 1927. The term of office of every "additional circuit judge" is for six years from the date of the first appointment under the statute authorizing an appointment of such "additional circuit judge."

The words "terms of office" as used in amended Section 35, Article V, have reference to the offices of judges of judicial circuits and to terms consisting of consecutive periods of six years following each other in regular order, the one commencing where the other ends, the initial six year terms having begun in 1887 under original Section 8, Article V, constitution and continued by amended Sections 8 and 35, Article V of the constitution of 1885. See Advisory Opinion to the Governor, 76 Fla. 649, 80 So. R. 519; State ex rel v. Paderick, 77 Fla. 277, 81 So. R. 285; Advisory Opinion to the Governor, 68 Fla. 560, 66 So. R. 1003; State ex rel. v. Knight, 76 Montana 71; The People ex rel. v. McClave, 99 N. Y. 83; Hale v. Bischoff, 53 Kansas 301.

Section 7, Article IV, Constitution, authorizes an executive appointment to fill a vacancy in any office, and the statute provides that a vacancy in office exists when an office has been created and it has not been filled. Section 461, Comp. Gen. Laws, 1927. See In Re Advisory Opinion to the Governor, 94 Fla. 986, 114 So. R. 889; In Re Advisory Opinion to the Governor, 78 Fla. 5, 82 So. R. 612; Opinion Rendered to the Governor, 25 Fla. 426, 5 So. R. 613. Section 33, Article V, Constitution, provides that when the office of any judge shall become vacant from any cause, the appointment or election shall be for the unexpired term.

This court has held that when a new county is formed from a portion of another county, the initial term of office of the county judge of the new county is the same as the remainder of the term of the county judge of the original county, which accords with the cycle of four year terms for county judges which began in 1887, under Sections 10 and 14, Article XVIII, Constitution 1885. In Re Opinion of the Justices, 68 Fla. 560, 66 So. R. 1003. See also

Advisory Opinion to the Governor, 94 Fla. 968, 114 So. R. 889.

In this case the twenty-second judicial circuit was formed from a portion of the fifteenth judicial circuit, and the clear requirement of amended Sections 8 and 35 and Section 33, Article V, Constitution, is that the initial terms of office of the judges of new judicial circuits shall be the same as the then unexpired portion of the terms of the other judges of judicial circuits, in accord with the cycle which began under original Section 8, Article V, Constitution of 1885, the intent of the organic provisions being that the terms of office of all the judges of judicial circuits, as distinguished from "additional Circuit Judges" that were subsequently provided for by Section 43, Article V, shall conform to the six-year cycle which began in 1887 under original Section 8, Article V, Constitution of 1885. The provisions of the Constitution of 1868 did not require the original cycle to be observed in subsequent appointments of judges of the judicial circuits of the State. Advisory Opinion to the Governor, 16 Fla. 841; State ex rel. Murphy, 32 Fla. 138, text 178, 13 So. R. 454; Simonton v. State, 44 Fla. 289, text 315, 31 So. R. 821.

When under amended Section 35, of Article V, the legislature shall "provide for the creation and establishment of" an "additional Judicial Circuit," at any time between the beginning and ending of any of the established cycles of six years beginning in 1887, the provision for the appointment of a judge for such "additional Judicial Circuit" "whose terms of office and general jurisdiction shall be the same as is herein provided for circuit judges *herein already provided for*," requires the first appointment of the judge for the "additional Judicial Circuit" to be "for a term equal to the unexpired term of the other Circuit Judges," as under amended Section 8. See In Re Advisory Opinion to the Governor, 76 Fla. 649, 80 So. R.

519, where the appointment in 1917 was for six years, the current cycle beginning from 1917 to 1923. See also In Re Advisory Opinion to the Governor, 78 Fla. 5, 82 So. R. 612, where the appointment in 1919 was for four years the current cycle being 1917 to 1923. The words "terms of office," contained in amended Section 35, refer to those of "the Circuit Judges already provided for" in amended Section 8, and not to that of the "additional Circuit Judge" under Section 42; Section 43 had not then been adopted; but its adoption did not affect the six-year cycle terms of the judges of judicial circuits, because Section 43, relates to "additional Circuit Judges" and not to judges of "additional Judicial Circuits." The "term of offfice" of the circuit judges already provided for was six years, under amended Section 8, the cycle controlling the beginning and ending of succeeding terms having begun in 1887 and continued by amended Section 8, Article V, Constitution. This cycle was not intended by Section 42 to be applied to the term of the "additional Circuit Judge" provided for by that section; and Section 42 was in force when this court held that the cycle beginning in 1887 and continued by amended Section 8, was intended by amended Section 35 to be applied to judges appointed for additional judicial circuits created by the legislature under amended Section 35. The provisions of Section 43, adopted in 1922 providing for "additional Circuit Judges" are like those of Section 42, adopted in 1912 providing for an "additional Circuit Judge" in Duval County. Neither section requires the cycle beginning in 1887 to control the terms of the tions, but each such section specifically provides that the "additional Circuit Judge" when appointed, shall "hold office for six years." If an "additional Circuit Judge" resigns, his successor is appointed for the remainder of the six-year term. Section 33, Article V, Constitution;

Advisory Opinion to the Governor, 93 Fla. 1024, 113 So. R. 115. Section 43, adopted in 1922, does not affect the terms of office of the circuit judges who are appointed under amended Sections 8 and 35. Section 43, authorizes the legislature to provide for the appointment of ''additional Circuit Judges'' in any existing judicial circuit which contains not less than 75,000 population. In each judicial circuit there must be one judge of the circuit before there can be an ''additional Circuit Judge'' for the circuit. Additional circuit judges may be *duly* dispensed with but the judicial circuits remain and there must be one circuit judge for each judicial circuit however small the circuit may be. Thus the Constitution observes a distinction between a judge of a judicial circuit who, under amended Sections 8 and 35, must be appointed in every judicial circuit and an ''additional Circuit Judge'' who may or may not be appointed in a circuit of not less than 75,000 inhabitants as the legislature may enact, under Section 43, Article V, Constitution.

In 1912, Section 42, Article V, was adopted providing directly for ''another Judge of the Circuit Court of Duval County in addition to the Circuit Judge of the circuit in which said county is situated. Such additional Circuit Judge shall be appointed by the Governor and confirmed by the Senate, and shall hold office for six (6) years. He shall have all the powers and perform all the duties that are or may be provided or prescribed by the constitution or by statute for Circuit Judges, and all statutes concerning Circuit Judges shall apply to him.'' These provisions for an ''additional Circuit Judge'' for an existing circuit are different from the provisions of amended Section 8, Article V, providing for the creation of an additional judicial circuit and for the appointment of a judge therefor, and different from amended Section 35, Article V, providing for

the creation and establishment by the legislature of "additional Judicial Circuits" and for the appointment of "additional Circuit Judges therefor." The term of office of every circuit judge is six years, but an "additional Circuit Judge" is not required to be first "appointed for a term equal to the unexpired term of the other Circuit Judges," as is required by amended Sections 8 and 35, when a circuit judge is to be appointed for an "additional Judicial Circuit" that is created and established during the course of a current cycle of six years. Amended Section 8, provides that an additional judicial circuit shall be created and that "a Judge for the additional circuit shall be appointed" "for a term equal to the unexpired term of the other Circuit Judges," and Section 42 does not require as does amended Section 35, that the "term of office" of the "additional Circuit Judge" "shall be the same as provided for the Circuit Judges already provided for." The provision of Section 42, is that the "additional Circuit Judge" for Duval County "shall be appointed by the Governor and confirmed by the Senate, and shall hold office for six (6) years." Under Section 42, the "additional Circuit Judge" for Duval County was to be appointed for six years without reference to the cycle that controls the term of the Judge of an existing judicial circuit or of a newly created judicial circuit.

Section 43, Article V, adopted in 1922, provides that:

"The Legislature may from time to time as the business of any circuit requires, provide for the appointment of one or more additional circuit judges for such circuit. Each such additional circuit judge shall be appointed by the Governor and confirmed by the Senate, and hold office for six years. * * * He shall have all the powers and perform all the duties

that are or may be provided or prescribed by the Constitution or by statute for circuit judges, and all statutes concerning circuit judges shall apply to him. * * * The Legislature may repeal any law providing for the appointment of an additional circuit judge, or additional circuit judges for a circuit, but each repeal shall not affect the term, salary and jurisdiction of a judge holding an appointment."

This section authorizing the Legislature to "provide for the appointment of one or more additional circuit judges" "as the business of any circuit requires," is quite like Section 42 which directly provides for the appointment of an "additional circuit judge" in Duval County. In each case, under Sections 42 and 43, the "additional circuit judge" "shall hold office for six years," but the first appointment under either section is not required to be "for a term equal to the unexpired term of other circuit judges," as is the appointment of the judge of an existing circuit under amended Section 8, and as is the appointment of the judge of an "additional circuit" created by the Legislature under amended Section 35, of Article V; nor does Section 43 provide that "the terms of office * * * shall be the same as is * * * provided for the circuit judges * * * already provided for" as in amended Section 35; therefore in omitting the stated provisions contained in amended Sections 8 and 35, and in specifically providing that the "additional circuit judges" "shall be appointed by the Governor and confirmed by the Senate and hold office for six years," Section 43 intends that an "additional circuit judge" as distinguished from the judge of an existing or newly created judicial circuit, shall be appointed for six years without reference to the cycle that controls the term of the judge

of a judicial circuit under amended Sections 8 and 35. This interpretation was applied in the Advisory Opinions to the Governor as cited above, and such has been the practical construction in the executive department of the State in making appointments of a judge for each judicial circuit and of "additional circuit judges" for existing judicial circuits.

The obvious organic purpose is that the judges *of all the judicial circuits* shall have concurrent cycle terms, while when duly authorized, an "additional circuit judge" for a judicial circuit, shall be appointed for six years; and the "additional circuit judge" may be *duly* discontinued without affecting the existence of the judicial circuit; and it is quite immaterial if an "additional circuit judge" is first appointed for a term that is longer than the then current term of the judge of the judicial circuit in which the "additional circuit judge" is appointed.

In Re Advisory Opinion to the Governor, 93 Fla. 948, 113 So. R. 113, it was held that an "additional circuit judge" who had already been appointed in the Eighth Judicial circuit, became the judge of the circuit in which he resided when the circuit in which he was appointed "additional circuit judge" was divided and additional judicial circuit was created. When his commission as "additional circuit judge" expires, if he is appointed judge of the judicial circuit in which he resides, his appointment as judge of the judicial circuit may have to conform to the established cycle for every judge of a judicial circuit as distinguished from an "additional circuit judge" appointed in a judicial circuit, but this does not affect the established intent and purpose of the organic provisions that the term of the judge of each of the original judicial circuits and of each "additional judicial circuit" shall be controlled by the six-year cycle that began in 1887.

Section 33, Article V, provides that the appointment of any judge to fill a vacancy shall be "only for the unexpired term" of the preceding judge. The Constitutions of 1838, 1861 and 1868, do not contain this provision. See Advisory Opinion to the Governor, 16 Fla. 841; Section 14, Article V, Constitution of 1865. This organic provision together with amended Sections 8 and 35 preserve the original cycle for the terms of the judges of the judicial circuits who may be appointed for existing or for newly created judicial circuits. The six-year terms of "additional circuit judges" are subject to Section 33, Article V. Advisory Opinion to the Governor, 93 Fla. 1024, 113 So. R. 115. The Constitution does not define a vacancy in office except that it may occur by "death, resignation, retirement, or other cause," Section 33, Article V. See also Section 7, Article IV, Sections 6 and 7, Article XVIII, Section 7, Article VIII, Constitution. The statute, Section 461, Compiled General Laws, 1927, provides that "every office shall be deemed vacant in the following cases: * * * When any office created or continued by the Constitution or laws shall not have been filled by election or appointment under the Constitution or law creating or continuing such office." See Advisory Opinion to the Governor, 45 Fla. 154, 34 So. R. 571; 64 Fla. 16, 59 So. R. 782; Simonton v. State of Florida ex rel., 44 Fla. 289, 31 So. R. 821; Opinion Rendered to the Governor, 93 Fla. 1024, 113 So. R. 115. When an "additional judicial circuit" is created, the judge of such judicial circuit should be appointed for the remainder of the then current cycle of six-year terms of all judges of judicial circuits. In Re Advisory Opinion to the Governor, 78 Fla. 5, 82 So. R. 612.

Amended Section 8 provides for the first eight judicial circuits and for one judge for each judicial circuit.

Amended Section 35 provides for "additional judicial circuits" and for "additional circuit judges therefor." See State ex rel. West v. Hilburn, 70 Fla. 55, 69 So. R. 784. Section 43 authorizes the Legislature to provide for "additional circuit judges" in "any circuit" as the business therein requires if the circuit has 75,000 inhabitants or more. Section 43, Article V, Constitution, contains the following:

"Wherever there are two or more Circuit Judges appointed for a Circuit the business may be divided among the Circuit Judges having jurisdiction in the Circuit and in any County in the Circuit as may be prescribed by law, and where no provision has been made by law, the distribution of the business of the Circuit between the Circuit Judges of the Circuit, and of any County in the Circuit, and the allotment or assignment of matters and cases to be heard, decided, ordered, tried, decreed or adjudged, shall be controlled or made when necessary by the Circuit Judge holding the commission earliest in date."

This provision has reference to seniority of commission and the conduct of the judicial business of a circuit as between the judges thereof and has no relation to the length of current terms of the circuit judges. No inconvenience can result if the commission of an "additional Circuit Judge" in an existing judicial circuit is prior in date to, or covers a period greater than, the current commission of the judge of the judicial circuit. Amended Sections 8 and 35 cover judicial circuits and a judge for each judicial circuit, while Section 43, provides only for "additional Circuit Judges," there being already one judge of each judicial circuit.

There must be one judge for each judicial circuit no

matter how small its population, while there can be an "additional Circuit Judge" only in circuits having 75,000 inhabitants or more. The judge of the judicial circuit and the "additional Circuit Judge" have the same judicial powers; but the Constitution intends to maintain the established cycle of terms for one judge for each judicial circuit under amended Sections 8 and 35, though such cycle is not applied to "additional Circuit Judges" that may be appointed pursuant to legislation under subsequently adopted Section 43.

Under the provisions of Section 7, Article VI of the Constitution of 1868, for a "temporary exchange of circuits" by circuit judges, a similar provision being in Section 8, Article V of the Constitution of 1885, it was, in Clark v. Rugg, 20 Fla. 861, held that during the time for which one circuit judge is assigned to another circuit, the power of the resident circuit judge is suspended in that county. After the adoption in 1922 of Section 43, Article V, of the Constitution of 1885, it was in State ex rel. Claar et al. v. Branning, 85 Fla. 61, 95 So. R. 237, held, in sustaining the validity of Chapter 6900, Acts 1915, that where a circuit judge is temporarily assigned to another judicial circuit the power of the resident circuit judge in that county is not suspended. These provisions and decisions have no relation to the terms of office of circuit judges.

Chapter 12433, Acts of 1927, under which the respondent was appointed created "an additional Circuit" and provided that "there shall be a Circuit Judge * * * in said Circuit who shall be appointed and confirmed and hold office for the term as provided for other Judges * * * by the Constitution of the State of Florida." Chapter 12433 was enacted under Section 35, Article V, of the Constitution, not under Section 43, and the quoted provision as to

the term of the judge of the judicial circuit created by the act, of course has reference to the provisions of the Constitution controlling the terms of office of ''other judges'' of judicial circuits like the one whose appointment was then being authorized, and not to terms of office of ''additional circuit judges'' who may be appointed pursuant to legislation under Section 43, of Article V, Constitution.

Original Section 8, Article V, Constitution provided for one circuit judge for each of the seven judicial circuits created by the Constitution, the terms of each circuit judge to be for six years and each term beginning in 1887. Amended Section 8, Article V, provided for eight judicial circuits and required the judge of the Eighth judicial circuit ''to be appointed for a term equal to the unexpired term of the other circuit judges.'' This in effect required the term cycle begun in 1887 to be observed for the judge of the newly created Eighth judicial circuit as well as for the original seven circuit judges.

Amended Section 35, Article V, adopted in 1910, provides for ''additional judicial circuits'' and for ''additional circuit judges *therefor* whose terms of office and general jurisdiction shall be the same as is herein provided for the circuit judges, herein already provided for,'' meaning the circuit judges in the then eight judicial circuits, the intent being that the judges of judicial circuits created under amended Section 35 should have the *''same* terms of office'' as the judges of the already existing circuits, and to have the *''same terms''* they must like the judge of the eighth judicial circuit have terms of the same cycle and the same length as ''the circuit judges herein already provided for'' in the Constitution. As heretofore interpreted in advisory opinions to the Governor, the purpose of the organic amendments taken together is that the judge of each

judicial circuit shall have a six year term with the same cycle established by the Constitution. Until additional Section 43 was adopted in 1922, the Constitution provided for only one circuit judge in each judicial circuit, except that a special organic provision adopted in 1912 provided for "another judge in the circuit court of Duval County." Additional Section 42, Article V.

Additional Section 43, Article V, adopted in 1922, provided for "additional circuit judges" for *existing* judicial circuits who shall "hold office for six years" without reference to the cycle which controls the six-year terms of the judges of the judicial circuits under amended Sections 8 and 35, Article V. The language used in Sections 8 and 35 as amended clearly show an intent that *in each* of the several judicial circuits as they existed originally and as they are increased in number, there shall be one judge of the circuit whose term of office shall run concurrently with all other judges of judicial circuits; 76 Fla. 649; 78 Fla. 5. Additional Section 43 contains entirely different provisions. It provides that "additional circuit judges" appointed for existing judicial circuits shall "hold office for six years" without reference to the concurrent terms of the judges of the several judicial circuits. The "additional circuit judges" may be duly discontinued, but there must be a circuit judge for every judicial circuit. The respondent was appointed pursuant to a statute enacted under amended Section 35, Article V, Constitution, and not under additional Section 43, Article V, Constitution; and he was commissioned as required by the opinions in 76 Fla. 649 and 78 Fla. 5.

STRUM, AND BROWN, J. J. concur.