S. M. STEPHENS, *Appallant*, v. J. M. KEEN, *Appellee*.

Opinion Filed January 11, 1915.

1. The party offering a preliminary contract in evidence, as an aid to the construction of the subsequent contract, may not complain that it was so used.

2. The holder of a purchase money mortgage upon lands sold to

speculators, agreed to release from the mortgage such of the lands as might be unsold, at the rate of one acre for every fifty dollars paid him ; such mortgagee will not be compelled to release that per centage of acreage upon the payment of an installment note by the mortgagor.

Decree affirmed.

*E. Tucker, Sr.,* for Appellant.

*Wilson & Boswell,* for Appellee.

COCKRELL, J.—A bill was filed to compel a mortgagee to release a certain number of acres of land from the mortgage lien. At the time the purchase money mortgage was given, another contract was executed whereby the mortgagee agreed "to release the southwest quarter and the west half of the southeast quarter of Section 22, in said Township and Range, in five-acre tracts or more, upon payment of Ten Dollars per acre, and he likewise agrees to release the balance of the said land upon payment of Fifty Dollars per acre."

Whenever the mortgagor sold off any of the land he paid the mortgagee at the rate of fifty dollars per acre of the land so sold and received the release. When, however, he paid off one of the maturing notes, he demanded a general release of so much acreages as there were fifty dollars in the amount of the note so paid, and this was refused. To support this construction of the contract, he introduced in evidence a previous contract in which it was stipulated that whenever any of the lands were sold, the mortgagee would release the same on mutual agreement. Acting upon this evidence, the Chancellor construed the two contracts together, and held that the agreement to release had reference only to land sold, and was not to the

payment of the mortgagor's independent obligation upon the notes.

Error, if any, in construing the two contracts together can not avail the appellant who, by his own voluntary action, invited such construction.

We further think the true construction was placed upon the contract for release. It was evidently entered into for the sole purpose of facilitating sales by the mortgagor and not to reduce the mortgagee's security as against the mortgagor's personal obligation to pay the indebtedness.

The payment of the note is not within the terms of the contract "a payment of fifty dollars per acre," but a general reduction of the mortgage indebtedness.

The decree dismissing the bill of complaint is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, WHITFIELD AND ELLIS, J. J., concur.

---

ADVISORY OPINION TO THE GOVERNOR.

Where a new county is formed from a portion of another county, a person elected to the office of County Judge in the new county at the general election in 1914, should be commissioned for the remainder of the term expiring in January, 1917.

State of Florida, Executive Chamber,
          Tallahassee, December 14, 1914.

*To the Honorable Justices*
          *of the Supreme Court of Florida.*

Gentlemen:

Section 7 of Article 8 of the State Constitution provides·

"All county officers, except assistant assessors of taxes, shall, before entering upon the duties of their respective offices, be commissioned by the Governor."

Chapter 6511, Laws of Florida, approved April 25, 1913, provided for the creation of Seminole County in the State of Florida and for the organization and government thereof. Section 4 of said Chapter 6511 provides for the appointment by the Governor of all the officers to which the said county may be entitled under the Constitution and Laws of the State of Florida.

At the General Election, held on the 3rd day of November, 1914, a County Judge was elected for the said County of Seminole.

Section 16 of Article 5 of the State Constitution provides:

"There shall be in each county a county judge who shall be elected by the qualified electors of said county at the time and places of voting for other county officers and shall hold his office for four years. His compensation shall be provided by law."

Section 10 of Article 18 of the Constitution provides:

"The first election for County Judge, Clerk of the Circuit Court, Sheriff, Tax Assessor, Tax Collector, County Treasurer, County Superintendent of Public Instruction, County Surveyor, Justices of the Peace, Constables, and all other elective county officers shall be at the General Election in 1888."

Section 14 of Article 18 of the Constitution provides:

"The terms of office of all county officers, unless otherwise provided, shall commence on the first Tuesday after the first Monday in January next after their election."

Section 33 of Article 5 of the Constitution provides:

"When the office of any judge shall become vacant from

any cause, the successor to fill such vacancy shall be appointed or elected only for the unexpired term of the Judge whose death, resignation, retirement or other cause created such vacancy."

I have the honor to request the whitten opinion of the Justices of the Supreme Court as to the term for which, under the Constitution, I am authorized and required as Governor, to issue a commission to the gentleman who was elected at the General Election held November 3, 1914, to the office of County Judge for the said County of Seminole.

Very respectfully,

PARK TRAMMELL,

Governor.

In the Supreme Court of Florida,

June Term, A. D., 1914.

Tallahassee, Fla., Dec. 17, 1914.

*To His Excellency,*

    *Park Trammell,*

      *Governor of Florida.*

Sir:—Your communication requesting an opinion as to the term for which a commission should be issued by you to one who was elected County Judge in Seminole County at the General Election held in November, 1914, has been duly considered.

In providing that a County Judge shall be elected in each county for the term of four years, that the first election for County Judge shall be at the General Election in 1888, that, unless otherwise provided the terms of office

of all county officers shall commence on the first Tuesday after the first Monday in January after their election, and that when the office of any Judge shall become vacant from any cause, the successor to fill such vacancy shall be appointed or elected only for the unexpired term, the organic law prescribes a term of four years for the office of County Judge of each county beginning with the election in 1888 and the qualification under such election the following January. Thus the terms of the office end in January 1893, 1897, 1901, 1905, 1909, 1913, 1917, &c. Where a new county is organized by law during a term of four years as prescribed, the office of County Judge exists in the county by virtue of the Constitution, and the appointment or election to the office of County Judge in such new county should be for the proper portion of the current term and not for a period that extended into another term. Seminole County was formed from a portion of Orange County, and if the County Judge of Seminole County may be regarded as being, in the territory now forming Seminole County, a successor to the County Judge of Orange County, the term to be filled coincides with the term in Orange County which expires in January, 1917. See Jameson v. Hudson, 82 Va. 279. Seminole County was organized under Chapter 6511, Acts of 1913, and an appointment to the office of County Judge in such new county in 1913, under Section 6 of Article 18 of the Constitution would properly be until the qualification of a successor at the ensuing general election in 1914, and an election in 1914 to such office is under Section 33 of Art. V, and Section 7 of Article 18 for the unexpired term ending January, 1917.

You are therefore advised that a commission issued to a person elected County Judge of Seminole County at the

general election in 1914, should be for the remainder of the term that ends in January, 1917.

Very respectfully,

T. M. SHACKLEFORD,
R. F. TAYLOR,
R. S. COCKRELL,
W. A. HOCKER,
J. B. WHITFIELD,
Justices Supreme Court.