J. W. KNIGHT, *Plaintiff in Error,* v. JOHN H. ATKIN, *et al.,* AS COUNTY COMMISSIONERS OF INDIAN RIVER COUNTY, FLORIDA, *Defendant in Error.*

Division B.

Opinion Filed March 26, 1928.

*C. P. Diamond,* for Plaintiff in Error;

*James F. Vocelle,* for Defendant in Error.

WHITFIELD, P. J.—An alternative writ of mandamus issued by the Circuit Judge in substance alleges that Indian River County was created by Chapter 10148, Acts of 1925; that relator was on July 1, 1925, appointed and commissioned by the Governor as Sheriff of Indian River County to serve till the next ensuing general election and until his successor be elected and qualified; that relator was at the general election in November, 1926, elected sheriff of said county and by inadvertence relator was commissioned to serve as such sheriff until the first Tuesday after the first Monday in January, 1929; that the official bond of relator will expire in January, 1929, at the expiration of the commission under which relator is now serving as such sheriff; that relator has been advised that upon the execution and due approval of a new bond, a new commission will be issued to relator to serve as sheriff of said county, under his election in November, 1926, for the term of four years, which term will expire on the first Tuesday after the first Monday in January, 1931; that relator avers that by virtue of his election in 1926, he is entitled to a commission for a term of four years ending on the first Tuesday after the first Monday in January, 1931; that the relator has tendered a duly executed bond to the respondents as county commissioners, and they have refused to approve the said official bond because they aver the relator was elected in 1926 for two years and not for four years. The respondents in effect admitted the allegations of the alternative writ and asked to be dismissed from the cause on the ground that it is not their duty to approve a bond for a term extending to January, 1931. The court dismissed the alternative writ, and the relator took writ of error.

The Constitution provides that "the first election for County Judge, Clerk of the Circuit Court, Sheriffs, Tax Assessor, Tax Collector * * * County Superintendent of Public Instruction, County Surveyor, Justices of the Peace, constables and all other elective county officers shall be at the general election in 1888," Section 10, Article XVIII; and that "the terms of office of all county officers, unless otherwise provided, shall commence on the first Tuesday after the first Monday in January next after their election." Sec. 14, Art. XVIII.

In an advisory opinion to the Governor, 68 Fla. 560, 66 South. Rep. 1003, it is said that the organic law prescribes a term of four years for the office of county judge of each county, beginning with the election in 1888, and the qualification under such election the following January. Thus the terms of the office end in January every four years after January, 1889. When a new county is created during any of the stated cycles or periods of four years, such county is officered by the officers named in Section 10, Article XVIII of the Constitution, and the terms of office of such enumerated officers correspond with the cycle or period of the then current terms of such officers in all the other counties so that there shall be a uniformity in the terms of the county officers named in Section 10, Article XVIII of the Constitution. The office of sheriff is one of those enumerated in Section 10, Article XVIII, therefore, the rule announced in the above stated advisory opinion is applicable to the relator in this case. The terms of all such enumerated county officers began in January, 1925, and end in January, 1929. The election of the relator in November, 1926, was in contemplation of law for the unexpired term ending on the first Tuesday after the first Monday in January, 1929.

In the advisory opinion to the Governor, 94 Fla. 986,

114 South. Rep. 889, the county officer referred to was not among those specifically enumerated in Section 10, Article XVIII of the Constitution, but was a clerk of the Criminal Court of Record, which office was not one of the county offices established by the Constitution in every county of the State, but it was an office authorized by the Constitution and called into existence by statute in counties where Criminal Court of Record may be established by statute. When the office of clerk of a Criminal Court of Record is provided for by statute as an incident to the establishment of a Criminal Court of Record in a county, the first election of such clerk is for four years under Section 30, Article V of the Constitution.

Affirmed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.