September 23, 1949
Honorable Fuller Warren Governor of Florida Tallahassee, Florida
Dear Governor:
We are in receipt of your request for the written opinion of this Court as authorized by Section 13, Article IV of the Constitution, F.S.A., as follows:
"Honorable Alto Adams, Chief Justice and the Justices of the Supreme Court of Florida
"Tallahassee, Florida
"Gentlemen:
"The State Constitution authorizes me, as Governor, to request the written opinion of the Justices of the Supreme Court as to the interpretation of any portion of the State Constitution upon any question affecting my executive duties and powers (Section 13, Article IV, of the Constitution.)
"The said Constitution also provides that there may be established `upon application of a majority of the registered voters' a Criminal Court of Record `in such other *Page 171 
counties as the Legislature may deem expedient * * * and there shall be one Judge for each of the said courts' (Section 24, Article V, of the Constitution) and a Prosecuting Attorney (Section 27, Article V, of the Constitution), and a Clerk (Section 30, Article V, of the Constitution) and Judge and Prosecuting Attorney (Section 47, Article V, of the Constitution) shall be elected by the qualified electors of their respective counties as other county officials are elected. The second paragraph of Section 47, Article V, of the Constitution providing that:
"`The first election of * * * Judges of Criminal Courts of Record and County Solicitors * * * shall be held at the General Election in 1948 to take office the first Tuesday after the first Monday in January, 1949, for a term of four years.'
"Under the State Constitution I am required to commission all county officers before they enter upon the duties of their offices (Section 7, Article VIII, of the Constitution) `the term of office for all appointees to fill vacancies in any of the elective offices under this Constitution, shall extend only to the election and qualification of a successor at the ensuing general election' (Section 6, Article XVIII, of the Constitution); However, Section 7, Article IV, of the State Constitution, provides that `when any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term.'
"At the 1949 regular session of the Legislature of this State an act was enacted creating and establishing a Criminal Court of Record in and for Broward County, Florida, which act has already become a law and became effective on June 1, 1949. Acts 1949, c. 25066, F.S.A. § 32.01 and note, § 32.03.
Notwithstanding the following opinions by the Supreme Court of this State (opinion of Justices, 68 Fla. 560, 66 So. 1003; Knight v. Atkin, 95 Fla. 526, 116 So. 239; Opinion of Justices, 76 Fla. 649, 80 So. 519; Opinion of Justices, 78 Fla. 5, 82 So. 612; State v. Giblin, 98 Fla. 802, 124 So. 375; Opinion of Justices,94 Fla. 986, 114 So. 889, and Opinion of Justices, 152 Fla. 686,12 So.2d 876) I am uncertain as to the following questions and request the opinion of the Justices, as provided by Section 13, Article IV, on the State Constitution, thereon, to-wit:
"1. Should the Judge, Clerk and County Solicitor of the said Court be appointed by the Governor for (a) terms of four years from the effective date of the act, (b) for terms of four years from the first Tuesday after the first Monday in January, 1949, or (c) until the first Tuesday after the first Monday in January, 1951?
"2. If such commission should be issued until the first Tuesday after the first Monday in January, 1951, and until their successors are duly elected and qualified, should the persons elected at the general election in 1950 (which will be during the term of the undersigned) be commissioned until the first Tuesday after the first Monday in January, 1953, or for a full four year term ending on the first Tuesday after the first Monday in January, 1955?
"Thanking you for giving me an advisory opinion on this question, and with much respect, I am,
"Cordially yours, Fuller Warren Governor."
The criminal Court of Record for Broward County was created by Chapter 25066, Acts of 1949, and was made effective June 1, same year. The Act contemplates the appointment of a judge and county solicitor for the Court but makes no provision for a clerk. The act further provides that Chapter 32, F.S.A. relating to Criminal Courts of Record shall be applicable to the Criminal Court of Record for Broward County except as otherwise provided under the provisions of this act.
Prior to the adoption of House Joint Resolution 322, at the General Election in November 1944, now Section 47, Article V of the Constitution, judges of criminal *Page 172 
courts of record and county solicitors were appointed by the Governor and confirmed by the Senate. Under Section 47, Article V of the Constitution, they are elected by the qualified electors in the same manner that other state and county officers are elected. The first election under this amendment was held at the General Election in 1948 and those elected "to take office the first Tuesday after the first Monday in January, 1949, for a term of four years." The amendment also provides that the term of no judge or county solicitor be extended by it and appointment to fill a vacancy in such office shall run longer than to the first Tuesday after the first Monday in January, 1949.
The net result of Section 47, Article V is that at the General Election in November, 1948 and thereafter, all judges of criminal courts of record and county solicitors are elected by the qualified electors for four year terms in the same manner that other county officers are elected. Since Chapter 25066, Acts of 1949, creating the Criminal Court of Record for Broward County became effective June 1, 1949, after the adoption of Section 47, Article V of the Constitution and the first election thereunder, the question presented is how the offices created by said act should be filled until the first Tuesday after the first Monday in January, 1953. Chapter 25066 contains no answer to this question, but in view of Section 47, Article V and other provisions of the Constitution, we think they should be filled by executive appointment.
You are advised that the Judge of the Criminal Court of Record for Broward County and County Solicitor for said County as created by Chapter 25066, being elective offices under the Constitution, should be filled as provided by Section 6, Article XVIII of the Constitution as amended at the general election in 1944, that is to say, by appointment and commission "only to the first Tuesday after the first Monday in January next after the election and qualification of a successor." In this case the election and qualification of a successor will take place at the General Election to be held in November 1950. The person elected at said general election should be commissioned for the balance of the term, that is to say, until the first Tuesday after the first Monday in January, 1953.
Section 30 or Article V of the Constitution provides that the Clerk of the Criminal Court of Record shall be elected by the electors of the County in which the Court is held. The said Clerk has always been an elective officer and, while no provision is made for a clerk in Chapter 25066, the said act is passed pursuant to Sections 25 to 32, Article V of the Constitution and the provisions of Chapter 32, F.S.A. are made applicable. Since these provisions of the Constitution and the statutes provide for a clerk for the Criminal Court of Record, we think the appointment of a clerk for the Criminal Court of Record for Broward County should be made in the same manner and follow the same procedure as the appointment and election of the Judge and Prosecuting Attorney.
Respectfully,
ALTO ADAMS Chief Justice
GLENN TERRELL Justice
ROY H. CHAPMAN Justice
ELWYN THOMAS Justice
HAROLD L. SEBRING Justice
T. FRANK HOBSON Justice
B.K. ROBERTS Justice. *Page 173