PER CURIAM.
Supreme Court of Florida
Glenn Terrell, Chief Justice
Tallahassee
July 9, 1957
Honorable LeRoy Collins,
Governor of Florida,
State Capitol,
Tallahassee, Florida.
Dear Sir:
We have your letter of June 21, 1957, which, omitting formal parts, reads as follows:
“The State Constitution authorizes me, as Governor, to request the written opinion of the Justices of the Supreme Court as to the interpretation of any portion of the State Constitution upon any question affecting my executive duties and powers (Section 13, Article IV, State Constitution [F.S.A.]). Under Section 14, Article IV, of the said Constitution, ‘all grants and commissions shall be in the name and under the authority of the State of Florida, sealed with the Great Seal of the State, signed by the Governor, and countersigned by the Secretary of State, ’ pursuant to which it becomes my official duty to commission additional circuit judges to fill vacancies in the office of circuit judge. When such additional circuit judges are selected and appointed it will become my duty to issue them a commission. In order for me to issue such commissions it is necessary that the term for which the commission is to run be determined.
“Judicial article ‘V’ of the State Constitution was amended at the general election of 1956, and as amended will become ‘effective on the first day of July 1957, and shall replace all of Article ‘V’ and shall supersede any other provisions of the present Constitution of Florida in conflict’ (Subsection one of Section 26, of said Article ‘V’ as amended). Under the Constitution the Legislature is authorized to ‘provide for one circuit judge in each circuit for each fifty thousand inhabitants or major fraction thereof according to the last census authorized by law.’ (Section 6 of said Article V, as amended). Provision has been made in the Florida Statutes, as to several of the judicial circuits of the state, for the appointment of circuit judges to fill vacancies due to increases of population in such circuits. Provision has also been made by Chapter 31395, Laws of Florida, Acts of 1956 [F.S.A. § 26.011], for the taking of a census for any judicial circuit, in the manner therein provided, for the purpose of determining the population of such circuit and in consequence thereof whether there exists a vacancy in the office of circuit judge. Several of such censuses have been taken and others are contemplated which will authorize additional judgeships.
“Under Section 46, Article V, of the Constitution, prior to the said amendment to Article V, circuit judges were required to be elected, at the general election in 1948, for terms of six years each, and every six years thereafter. Under Section 15 of said amended Article V of the State Constitution, ‘election of circuit judges shall be held in the year 1960 and every six years thereafter.’ These constitutional provisions clearly indicate an intention to make the office of circuit judge elective and place them on a uniform six year cycle term; beginning with the general election in 1948. Prior to 1948, when the office of circuit judge became elective, such office was an appointive one (Advisory Opinion [to Governor], 152 Fla. 686, 12 So.2d 876).
“Under Section 14 of said Article V, as adopted at the general election in 1956, *543 ‘when the office of any judge shall become vacant for any cause, the successor to fill such vacancy shall be appointed or elected only for the unexpired term of the judge whose death, resignation, retirement or other cause created such vacancy.’ This Section continued without change the provisions of Section 33, Article V of the State Constitution, as the same existed prior to the said amendment at the general election in 1956. In addition to the said Section 14, Section 6, Article .XVIII of the State Constitution provides that ‘the term of office for all appointees to fill vacancies in any of the elective offices under this constitution shall extend only to the first Tuesday after the first Monday in January next after the election and qualification of a successor.’ Section 7 of said article XVIII provides that ‘in all cases of election to fill vacancies in office such election shall be for that part of the unexpired term commencing on the first Tuesday after the first Monday in January next after such election.’ The problem presented is should appointments of circuit judges made between the first of July 1957 and the general election in 1958 be made until the first Tuesday after the first Monday in 1959 or to the same time in 1961. Or, since there is an apparent conflict, which is controlling, Section 14, Article V, as amended, or said Sections 6 and 7 of Article XVIII?
“Although we find no opinion of the Supreme Court of Florida, or an advisory to the Governor, directly in point, the following may have some application to the questions hereinafter mentioned: Prior to the time the office of circuit judge became an elective one, commissions of persons appointed to the office of circuit judge, and confirmed by the Senate, extend to the end of the unexpired term (Advisory Opinion [to Governor], 45 Fla. 154, 34 So. 571; [In re] Advisory Opinion [to the Governor], 76 Fla. 649, 80 So. 519; [In re] Advisory Opinion [to Governor], 93 Fla. 1024, 113 So. 115), and such appointments, made by the Governor and confirmed by the Senate, were independent of preceding appointments to the end of the session (Advisory Opinion [to Governor], 147 Fla. 157, 2 So.2d 378). Where there was a vacancy in the office of circuit judge, the justices (Advisory Opinion [to Governor], 152 Fla. 686, 12 So.2d' 876) advised the Governor to issue a commission ‘until the end of the next ensuing session of the Senate unless an appointment should be sooner made and confirmed by the Senate.’
“The Legislature, in 1913, established Seminole County, Florida, thereby creating a vacancy in the office of county judge for said county; in an [In re] Advisory Opinion [to the Governor], 68 Fla. 560, 66 So. 1003, the justices advised that ‘Seminole County was organized under Chapter 6511, Acts of 1913, and an appointment to the office of county judge in such new county in 1913, under Section 6 of Article XVIII of the Constitution, would properly be until the qualification of a successor at the ensuing general election in 1914, and an election in 1914 to such office is under Section 33, Article V, and Section 7 of Article XVIII, for the unexpired term ending January, 1917,’ that is, for a two year period. Said Section 33, Article V, was the same as is Section 14 of Article V, as amended at the 1956 general election. In 1949 the Legislature established a criminal court of record in Broward County, thereby creating a vacancy in the office of judge of such court and raising the question of whether the Governor’s appointment and commission should be until January next after the next general election (1950) or until the end of the term (January 1953 following the 1952 general election). The justices advised that the office should be filled by election at the 1950 general election for the balance of the term (January 1953). The sum and substance of this advisory seems to have been appointment by the Governor until January following the next general election (1950) and election until the end of the term (January 1953) with election for a full four year term in 1952.
*544 “Notwithstanding the foregoing advisory-opinions and other authorities, I am uncertain as to the following questions and request the opinion of justices, as provided by Section 13, Article IV, of the State Constitution, thereon;
“1. Where a vacancy in the office of circuit judge occurs in this State after July 1, 1957, and before the next ensuing general election, should the appointee be appointed and commissioned by the Governor until the first Tuesday after the first Monday in January next after the next general election, or until the end of the term where it extends beyond the said first Monday after the said first Tuesday next after the next general election?
“2. Where vacancies in the office of circuit judge occurred in this State prior to said July 1, 1957, but have not yet been filled by appointment should such appointments and commissions be until the first Tuesday after the first Monday in January 1959, or until the end of the term, which would seem to be the first Tuesday after the first Monday in January 1961 ?”
The question presented by the above communication is whether there is a conflict between Section 14 of revised Art. V of the Constitution and Section 6 of Art. XVIII; and if so, which is controlling?
Section 14 of revised Art. V is identical to Section 33 of Art. V, as adopted by the constitutional convention of 1885 and ratified by the people at the general election of 1886. Section 6 of Art. XVIII, which is the “Schedule” article of the constitution, was also enacted as a part of the 1885 constitution. Section 14 of Art. V, reads as follows:
“When the office of any judge shall become vacant from any cause, the successor to fill such vacancy shall be appointed or elected only for the unexpired term of the judge whose death, resignation, retirement, or other cause created such vacancy.”
Section 6 of Art. XVIII, as amended, provides that:
“The term of office for all appointees to fill vacancies in any of the elective offices under this Constitution shall extend only to the first Tuesday after the first Monday in January next after the election and qualification of a successor.”
Also pertinent here is Section 7 of Art. XVIII, reading as follows:
“In all cases of election to fill vacancies in office such election shall be for that part of the unexpired term commencing on the first Tuesday after the first Monday in January next after such election.”
When read in the light of the purpose for which Section 33 of Art. V was originally adopted, and giving full consideration to all of its terms, there is no irreconcilable conflict between it and the Schedule provisions of Art. XVIII quoted above. Section 33 of Art. V “was incorporated into the Constitution of 1885 to change the rule announced in Re Tenure of Office of Circuit Judges [1877] 16 Fla. 841, that 'where the term of an office is fixed by the Constitution, each succeeding incumbent, appointed in accordance with the Constitution, holds the office for the full period.’ ” State ex rel Landis v. Bird, 1935, 120 Fla. 780, 163 So. 248, 262. The conclusion reached in Re Tenure of Office of Circuit Judges, supra, was that a judge of a circuit court, appointed by the governor and confirmed by the senate, held his office for eight full years, and that no part of a previous eight years during which another had held the office (but who had vacated it) entered into the computation of time for which the second appointee held.
Thus, in providing in Section 33 of Art. V that “the successor to fill such vacancy shall be appointed or elected only *545 for the unexpired term of the Judge” whose office had become vacant (emphasis added), the framers of the Constitution must have intended merely to provide a limitation “upon the power to fill the office for a new or full term upon the happening of a vacancy, which power would exist in the absence of such provisions, or of other provisions creating technical terms of office.” Simonton v. State ex rel. Turman, 1902, 44 Fla. 289, 31 So. 821, 828. Section 33 of Art. V has been so construed by this court without exception, since its adoption by the people more than seventy years ago.
Thus, as to judges who are required to be appointed by the Governor and confirmed by the Senate, this court held that the Governor’s appointment to fill a vacancy in such appointive judgeship entitled the appointee to hold office only until the end of the next ensuing session of the Legislature, and that the appointment and confirmation made by the Governor and the Senate at such ensuing session was then “for the remainder of the current term as required by section 33 of article 5 * * * State ex rel. Landis v. Bird, 1935, 120 Fla. 780, 163 So. 248, 262. Accord: State ex rel. Wynn v. Squarcia, Fla.1953, 66 So.2d 263; Advisory Opinion to Governor, 1943, 152 Fla. 686, 12 So.2d 876. And as to judges who are required by law to be elected to office, this court held that the Governor’s appointment to fill a vacancy in such elective judgeship would properly be only until the qualification of a successor at the next ensuing general election, and that such election “to such office is under section 33 of article 5, and section 7 of article 18, for the unexpired term * * In re Opinion of the Justices, 1914, 68 Fla. 560, 66 So. 1003, 1004. Accord: Advisory Opinion to the Governor, Fla.1949, 42 So.2d 170.
This construction of Section 33 of Art. V is in accord with well settled principles of construction that, where a constitutional provision will bear two con-structions, one of which is consistent with, and the other inconsistent with, an intention clearly expressed in another section, the former construction should be adopted so that “both provisions may stand and have effect.” State ex rel. West v. Butler, 1915, 70 Fla. 102, 69 So. 771, 781. “A construction that nullifies a specific clause will not be given to a Constitution unless absolutely required by the context.” State ex rel. McKay v. Keller, 1939, 140 Fla. 346, 191 So. 542, 545.
And certainly, as to elective judge-ships, this construction is required by the language used in the provision in question. Section 33 of Art. V (Section 14 of revised Art. V) expressly provides that the successor to fill a vacancy in a judgeship “shall be appointed or elected only for the unexpired term * * (Emphasis added.) If this provision were to be construed as authorizing the Governor to make an appointment to fill a vacancy in an elective judgeship for the entire remainder of the current term, rather than an ad interim appointment for the term prescribed by Section 6 of A.rt. XVIII, the italicized words providing for the election of a successor to fill a vacant judgeship would be nullified.
We have also considered the fact that the revised Article V is a complete re-statement and revision of old Article V as it appears in the 1885 Constitution, as amended, and that in the “Schedule” section of revised Article V it is provided that “(1) This Article shall become effective on the first day of July 1957 and shall replace all of Article V, and shall supersede any other provisions of the present constitution of Florida in conflict herewith, which shall then stand repealed.” (Emphasis added.)
Certainly the framers of the revised Article V, the Legislature and the people who adopted it, did not intend to repeal the provisions of Section 6 of Art. XVIII. Since the adoption of our constitution in 1885, the electors of this state have, under *546 Sections 6, 7 and 9 of Art. XVIII, participated in the filling of vacancies in the constitutional elective offices of this state, including elective judgeships. As stated in State ex rel. Ayres v. Gray, Fla.1953, 69 So.2d 187, 199, in speaking of the right of the people to elect a Governor to fill the unexpired term of the late Governor Dan McCarty: “The electors of the State have the right to elect a Governor to fill the vacancy in an election, authorized and required by the organic law. This right can only be changed by an amendment in the manner provided for in the Constitution itself. This Court has no power to adopt such an amendment and will not usurp such power under the guise of judicial construction or interpretation.”
Nor do we think that, by the above-quoted provision of Section 26 of revised Art. V, it was intended to modify Section 6 of Art. XVIII insofar as appointments to fill vacancies in judgeships are concerned. Those responsible for the revision of Art. V and the re-adoption therein of Section 33 of Art. V (as Section 14 of revised Art. V) must be accredited with knowledge of the construction placed thereon by this court and by the state’s governmental officials throughout its history. Another principle of constitutional and statutory construction is that, where a clause has received a definite construction, the subsequent adoption of that clause by the law-making department carries with the language adopted also the construction put upon it. As stated in State ex rel. West v. Butler, 1915, 70 Fla. 102, 69 So. 771, involving an attempt by the Legislature to create an additional circuit judgeship in a judicial circuit, “The system in operation from the beginning of the state government should not be changed by strained implications sought to be drawn from language that is grammatically and legally plainly referable to and consistent with the long-existing and only system known to the state.”
Accordingly, you are advised that in all appointments to fill a vacancy in a circuit judgeship, whether the vacancy occurred prior to or after July 1, 1957, your commission should be to the first Tuesday after the first Monday in January following the next ensuing general election.
Respectfully,
GLENN TERRELL Chief Justice
ELWYN THOMAS
FRANK HOBSON
B. K. ROBERTS
E. HARRIS DREW
CAMPBELL THORNAL
STEPHEN C. O’CONNELL Justices.