104 So.2d 120 (1958)
Gerald Maurice ARSENAULT, Maurice Arsenault, d/b/a Maurice Auto Trim, and Harry Polofsky d/b/a Harry's Auto Sale, Appellants,
v.
Richard E. THOMAS, Appellee.
No. 57-193.
District Court of Appeal of Florida. Third District.
June 24, 1958.
*121 Wicker & Smith, Miami, for appellants.
J. Ben Watkins, Miami, for appellee.
HORTON, Judge.
This appeal is from a final judgment rendered on a jury verdict in favor of the appellee for personal injuries sustained in an automobile accident. The accident involved three automobiles. Prior to the institution of suit in the court below, the appellee executed a release and covenant not to sue the driver of the third car, Gail Whitehead. Consideration for the release and covenant not to sue was $8,800.
The appellants urged, as one of the defenses in their answer, that any recovery by the appellee should be reduced by the amount paid appellee under the covenant not to sue. During the course of the trial, the appellants introduced in evidence, over the objection of the appellee, the covenant not to sue given by the appellee to Gail Whitehead. At the conclusion of all the testimony and at the express request of the appellants, the court instructed the jury on the issue raised by the defense interposed in the appellant's answer, namely the diminution of any verdict that may be found in favor of the appellee, where such verdict would be predicated upon a finding of concurrent negligence on the part of the appellants and Gail Whitehead. This charge was given over the objection of the appellee.
The jury returned a verdict in the sum of $13,800 and indicated by its verdict that they found Gail Whitehead also negligent. This portion of the verdict was stricken sua sponte by the trial judge as surplusage.
The sole point raised by the appellants on this appeal is the alleged failure of the trial judge to apply the provisions of § 54.28, Fla. Stat., F.S.A., the pertinent portions of which provide:
"(1) A release or convenant not to sue as to one tort-feasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tort-feasor who may be liable for the same tort or death.
"(2) At any trial, if any defendant shall make it appear to the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or convenant not to sue to any person, firm or corporation in partial satisfaction of the damages sued for, the court shall, at the time of rendering judgment, *122 set-off such amount from the amount of any judgment to which the plaintiff would be otherwise entitled and enter judgment accordingly.
"(3) The fact of such a release or covenant not to sue, or that any defendant has been dismissed by order of the court, shall not be made known to the jury."
This cause was tried in the court below beginning on July 8, 1957, and the provisions of § 54.28, supra (chapter 57-395), became effective on June 19, 1957. Neither the court nor counsel for the respective parties appear to have been aware of the provisions of the aforesaid section. Consequently no request was made by counsel for either of the parties to apply the provisions of said section during the course of the trial. Approximately a week after the rendition of the verdict, the appellants, by motion, urged the application of § 54.28, supra.
We conclude that the error relied upon by appellants is without merit and that no prejudice has resulted. Their position, in substance, before this court is a complaint of errors invited by them, a situation which at best is inconsistent. In Roe v. Henderson, 139 Fla. 386, 190 So. 618, 620, the Supreme Court of Florida in commenting upon a similar situation said:
"In this cause, however, the record discloses that the charge complained of was given at the request of the plaintiff in error and we must assume that it met the facts and conditions as they existed at the time. Otherwise a litigant may inject error into the record and take advantage of it which he should not be permitted to do.
* * * * * *
"The charge as a whole has been read and we do not find it amenable to the assault made on it. A large portion of it was requested by the plaintiff in error and we do not see that he is in position to complain."
See 2 Fla.Jur., Appeals, § 17, 313; 3 Am. Jur., Appeal & Error, 876; Bacon v. Green, 36 Fla. 325, 18 So. 870; Atlantic Coast Line R. Co. v. Levy, 68 Fla. 234, 67 So. 47; Cole Motor Car Co. v. O'Kelly, 101 Fla. 198, 133 So. 874. Where a litigant requests and receives a favorable ruling, he cannot later on appeal be heard to complain of the actions of the trial judge in acceding to his requests. Stephens v. Keen, 68 Fla. 558, 67 So. 226.
No error having been made to appear, the judgment appealed from is hereby affirmed.
Affirmed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.