QUESTIONS: 1. Did Rule 25-1.03, F.A.C., which became effective October 20, 1975, establish a starting point for the cycle of succession to the chairmanship of the Public Service Commission which would begin on the expiration of the term of the chairman incumbent on October 20, 1975? 2. If your answer to the preceding question is in the affirmative, is the chairman incumbent on October 20, 1975, to be considered in determining who would first serve as chairman when the cycle of succession begins? 3. If your answer to question 1 is in the negative, which commissioner would next serve as chairman given the facts recited herein? 4. Irrespective of your answers to the preceding questions, what is the result if the commissioner who would become chairman under the normal operation of the succession cycle declines to serve?
SUMMARY: To accomplish the intent of Rule 25-1.03, F.A.C., it should be interpreted so as not to affect the present cycle and the member who has not yet been chairman should assume that office on January 4, 1977. When that term ends, the cycle should then begin with members who possess the most years of service on the Commission. Since the answers to your questions are interrelated, and all involve an interpretation of the same administrative rule, I will proceed to answer them all in one response. Rule 310.03 of the Public Service Commission provided as follows: The chairman is the chief administrative officer of the commission and presides at all hearings and conferences when present. In the absence of the chairman, the immediate past-chairman presides and acts as chief administrative officer of the commission. The chairman serves for a term of two years beginning with the first Tuesday in January of the odd years. The chairmanship rotates biennially among the commissioners beginning with the oldest in point of service on the commission and progressing through the cycle with the other commissioners serving as chairman in the order of their election. The designation of chairman is not regulated by statute and may be changed from time to time in the discretion of the commissioners. In 1975, this rule was repromulgated and amended as Rule 25-103, and presently states: The chairman is the chief administrative officer of the commission and presides at all hearings and conference [sic] when present. In the absence of the chairman, the immediate past-chairman presides and acts as chief administrative officer of the commission. The chairman serves for a term of two years beginning with the first Tuesday in January of the odd years. The chairmanship rotates biennially among the commissioners beginning with the oldest in point of service on the commission and progressing through the cycle with the other commissioners serving as chairman in the order of their election. An examination of these two rules reveals that they are identical except for one provision. In amending Rule 310.03, the last sentence of that rule was deleted. This sentence had vested in the commissioners the authority to, in effect, supersede the rule's built-in seniority feature based upon time of service and instead select as chairman whomever two of the commissioners desire regardless of seniority. By eliminating this discretion in Rule 25- 1.03, an obvious intent exists to establish a set procedure to insure that every member of the commission could eventually become chairman if he or she wished to serve in that capacity. All rule provisions are to be harmonized to effectuate the overall purpose of the instrument. Barrow v. Holland, 125 So.2d 749 (Fla. 1960); Florida v. Division of Bond Finance, 278 So.2d 614 (Fla. 1973). A construction of the rules that will render any provision superfluous, meaningless, or inoperative should not be adopted. Burnsed v. Seaboard Coastline Ry. Co., 290 So.2d 13 (Fla. 1974). When a provision will bear one construction which is consistent and another which is inconsistent with another section, the former construction must be adopted. Advisory Opinion to the Governor, 96 So.2d 541 (Fla. 1957). Rule provisions should not be given a construction that defeats the evident intent and purpose of the drafters. Amos v. Mathews,126 So. 208 (Fla. 1930). If it is necessary to a clear understanding of the provisions that are construed, the provisions should be interpreted in light of historical events and circumstances leading to their adoption and objects manifestly sought to be accomplished. Sullivan v. City of Tampa, 134 So. 211 (Fla. 1931); City of Jacksonville v. Continental Can Co., 151 So. 488 (Fla. 1933); Wilson v. Crews, 34 So.2d 114 (Fla. 1948). Rules, like statutes, must be interpreted in light of their obvious intent. See 30 Fla. Jur. Statutes. Moreover, in resolving ambiguities in the law, a construction which renders it unfair or unjust in operation is to be avoided. Id., at s. 123. When viewed in its overall perspective, Rule 25-1.03 should not be interpreted as creating a new starting point in the chairmanship cycle. Instead, it should be interpreted as merely continuing the policy of former Rule 310.03. Two of the commissioners have become chairman at least once since their election while the third commissioner has yet to be given the opportunity to serve in that capacity. To interpret the rule in order to start the cycle over again at the beginning would be unjust and would divest an elected commissioner of her right to serve as chairman during the present cycle. Accordingly, I believe that the rule should be interpreted so as not to affect the present cycle and the member who has not yet been chairman should assume that office on January 4, 1977. When that term ends, the cycle should then begin with members who possess the most years of service on the commission. While I have been unable to locate any statute or rule which provides a procedure whereby a new chairman can be selected if the person who by operation of the rule should become chairman declines to serve, I believe that the best practice to follow would be to select the person next in line for the chairmanship at that time.