SMITH, CHARLES E., Associate Judge.
Charles McArthur Dairies, Inc. (Dairies), defendant below, appeals a trial court order refusing to setoff from a jury verdict a settlement amount paid to plaintiff by code-fendant Florida Power & Light (FP & L). Dairies claims that because the agreement was in effect a release or covenant not to sue, it is automatically entitled to a setoff. We disagree, and affirm the trial court’s disposition of the motion.
The verdict in question was awarded in a wrongful death suit in which Dairies and FP & L were the principal defendants. During the trial, Dairies’ counsel became aware that FP & L and the plaintiff had reached an agreement in which FP & L unconditionally agreed to pay plaintiff $150,000 and to remain in the action as a defendant. After discovering these terms, Dairies’ counsel characterized the agreement as a “Mary Carter” agreement, and requested that it be disclosed to the jury. The trial court offered counsel time to read the agreement prior to disclosing it to the jury, but Dairies’ counsel declined this opportunity and again asked for immediate disclosure. Granting his oral motion, the trial judge advised the jury of the FP & L settlement provisions. After trial, Dairies contended that the agreement was a release and not a Mary Carter agreement, moving unsuccessfully for a setoff in the amount paid by its terms.
Dairies’ contention after trial was correct. Mary Carter agreements must be based on some contingency, happening or some agreement as to minimum or maximum liability. Frier’s, Inc. v. Seaboard Coastline Railroad, 355 So.2d 208 (Fla. 1st DCA), cert. dismissed, 360 So.2d 1250 (Fla. 1978); Booth v. Mary Carter Paint Company, 202 So.2d 8 (Fla. 2d DCA 1967). In this case, the settlement was for a straight $150,000 with no contingencies. It was therefore a release, and should never have been announced to the jury, following the general rule that a settlement amount with any one party should not be announced to the jury, as it may unduly influence them as to the amount of damages.
*1000 Despite the foregoing, we decline to grant Dairies any relief, because the announcement to the jury of the agreement came at insistence of Dairies’ counsel. Appellant should not be permitted to capitalize upon the error it invited. In Arsenault v. Thomas, 104 So.2d 120 (Fla. 3d DCA 1958), appellants entered into evidence a covenant not to sue and then complained that the trial court wrongly revealed it to the jury. The trial court refused to modify the judgment, finding that appellants invited the error. Similarly, in this case, the agreement was brought to the jury’s attention through appellant’s demand, and the trial court reacted as did the Arsenault court. See also Behar v. Southeast Banks Trust Co., 374 So.2d 572 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 202 (Fla. 1980); Holmes v. School Board of Orange County, 301 So.2d 145 (Fla. 4th DCA 1974), cert. denied, 312 So.2d 755 (Fla.1975).
Dairies should have accepted the trial court’s offer to read and evaluate the settlement. Had it done so, it would have determined that the agreement was a release, requested that FP & L be dismissed as a party, and would have realized that jury disclosure was inappropriate. Failing to do this, it should have requested jury instructions that the jury disregard the amount of the settlement in arriving at their award for damages. Instead, Dairies leapt heedlessly into error, not complaining until the receipt of an unfavorable verdict, and we will not relieve them from the consequences of their misjudgment.
We find the points on cross appeal to be without merit, and accordingly affirm the trial court on all issues.
GLICKSTEIN and HURLEY, JJ., concur.