PER CURIAM.
These are consolidated appeals from a final judgment and award of attorney’s fees below in a complex suit for recovery of a real estate broker’s commission brought against multiple defendants. The plaintiff real estate broker, E.A. Law & Co., International, Inc., secured a judgment below against one of the defendants, but appeals as to the balance of the defendants, claiming as error the denial of certain motions to amend its pleadings and the entry of directed verdicts on its claims against the aforesaid defendants. One of the defendants, The Keyes Company, also appeals a judgment entered on a cross claim filed against it after an adverse jury verdict and an adverse summary judgment entered on its cross claim.
We have carefully examined all of the points on appeal raised by the appellants and have reached the conclusion that no reversible error appears. An extensive opinion detailing our reasons for reaching this result is not, in our view, appropriate in this case. Suffice it to say, however, that the points on appeal all involve the application of well-settled principles of law *108 relating to summary judgments,[1] directed verdicts,[2] amendments to pleadings,[3] basic contract law,[4] and attorney’s fees under Section 57.105, Florida Statutes (1983)[5] to the fact pattern revealed in this record. After a thorough study of the briefs and record herein, we are convinced that the trial court did not misapply any of these well-settled principles of law. The final judgment and attorney’s fees order under review are in all respects
Affirmed.

. See Holl v. Talcott, 191 So.2d 40 (Fla.1966); Johnson v. Gulf Life Insurance Co., 429 So.2d 744 (Fla. 3d DCA 1983); Akeley v. Morgan, 332 So.2d 647 (Fla. 3d DCA 1976); Fla.R.Civ.P. 1.510(c).

. See Morton v. Insurance Co. of North America, 297 So.2d 602, 603 (Fla. 3d DCA 1974); Citizens National Bank of Orlando v. Youngblood, 296 So.2d 92, 94 (Fla. 4th DCA 1974).

. See Costa Bella Development Corp. v. Costa Development Corp., 445 So.2d 1090, 1090 (Fla. 3d DCA 1984); Lasar Manufacturing Co. v. Bachanov, 436 So.2d 236, 237-38 (Fla. 3d DCA 1983), and authorities collected; Fla.R.Civ.P. 1.190(b).

. See City of South Miami v. Dembinsky, 423 So.2d 988, 989-90 (Fla. 3d DCA 1982); Security Mutual Casualty Co. v. Pacura, 402 So.2d 1266, 1267-68 (Fla. 3d DCA 1981); Slattery v. Wells Fargo Armored Service Corp., 366 So.2d 157, 159 (Fla. 3d DCA 1979); Knowles v. C.I.T. Corp., 346 So.2d 1042, 1043 (Fla. 1st DCA 1977); Baya v. Price, 222 So.2d 253, 254 (Fla. 3d DCA 1969).

. Autorico, Inc. v. Government Employees Insurance Co., 398 So.2d 485, 488 (Fla. 3d DCA 1981); see Fierer v. 18th Avenue Development Corp., 417 So.2d 1005 (Fla. 3d DCA 1982), pet. for review denied, 429 So.2d 5 (Fla.1983); City of Miami Beach v. Town of Bay Harbor Islands, 380 So.2d 1112 (Fla. 3d DCA 1980).