JOANOS, Judge.
Appellants Leonard J. Whited and Carol Whited seek review of orders dismissing Karen D. Barley as a defendant and denying their motion to set aside an agreement and covenant not to enforce judgment. The questions presented for our review are (1)whether the trial court erred in dismissing Karen D. Barley as a named defendant; and (2) whether the trial court erred in denying appellants’ motion to set aside the agreement and covenant not to enforce judgment. We affirm in part and reverse in part.
The underlying subject matter of this appeal is a personal injury action filed by appellants against the three appellees herein. As appellant Leonard Whited was assisting appellees Heath and Morris to transfer a trailer from a semitractor parked on the roadway in front of Whited’s residence, he was struck and seriously injured by an automobile driven by appellee Barley. Subsequently, the Whiteds filed a negligence action against Barley, Heath, and Morris. Appellees Barley and Morris filed answers and affirmative defenses, and appellee Morris filed a motion for summary judgment, which motion was denied.
Upon discovering that appellants and co-defendant Barley had entered into an agreement and covenant not to enforce judgment, appellee Morris moved to dismiss Barley as a party defendant to the lawsuit. At the conclusion of the hearing on Morris’s motion to dismiss, the trial court found the agreement constituted a release which limited Barley’s liability for appellant Whited’s injuries to her automobile policy limits of $10,000. The trial court indicated an intention to dismiss Barley from the lawsuit, finding that with respect to Barley there was no longer any justiciable issue to be tried. Appellants then moved for and were granted a continuance.
Shortly thereafter, appellants filed a motion to set aside the agreement, on the ground that it had been entered into with the understanding that Barley would remain a defendant in the case. The motion to set aside the agreement was denied, and appellants now appeal both trial court orders, i.e., the order dismissing Barley as a defendant and the order denying their motion to set aside the agreement.
The dismissal of Barley as a co-defendant in the lawsuit was predicated on the trial court’s finding that the agreement between Barley and appellants constituted a release, which effectively resolved all justi-ciable issues with regard to Barley. Section 768.041, Florida Statutes, provides in relevant part:
(2) At trial, if any defendant shows the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or covenant not to sue to any person, ... in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.
(3) The fact of such a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury.
See Eller and Company, Inc. v. Morgan, 393 So.2d 580 (Fla. 1st DCA), petition for review denied, 399 So.2d 1141 (Fla.1981), in which this court approved the trial court’s endorsement of the parties’ agreement to withhold from the jury all knowledge con- *447 ceming the release of one defendant. That release involved a negotiated settlement for $125,000 which acted to discharge all liability to the plaintiff. In Eller, the agreement expressly contemplated the trial participation of the settling third-party defendant. Subsequently, the non-settling defendant, pursuant to section 768.31(5), Florida Statutes,[1] was given credit against the jury verdict award for the $125,000 paid by the third-party defendant.
In a similar vein, in Charles McArthur Dairies, Inc. v. Morgan, 449 So.2d 998 (Fla. 4th DCA 1984), a co-defendant agreed to pay the plaintiff $150,000 and to remain in the action as a defendant. Since the settlement involved no contingencies, the court termed it a release which “never should have been announced to the jury, following the general rule that a settlement amount with any one party should not be announced to the jury, as it may unduly influence them as to the amount of damages.” 449 So.2d at 999.
In this case, we approve the trial court’s determination that appellants’ settlement with Barley for her policy limits of $10,000 was a release within the meaning of section 768.041, Florida Statutes. In keeping with the statutory provisions, appellees Morris and Heath would be entitled to a credit in the amount of $10,000 in the event a jury awarded a verdict for the plaintiffs. And, pursuant to section 768.041, the jury could not be apprised of the fact of the release.
Nevertheless, we find the trial court erred in dismissing Barley from the lawsuit. Although the settlement agreement resolved the issue of the amount of Barley’s liability to plaintiffs, it did not resolve the issue of Barley’s proportionate share of negligence. Therefore, we reverse the trial court’s order dismissing appellee Barley as a party to this action. We find our resolution of the first issue obviates any discussion of the second point raised on this appeal, thus the order denying appellants’ motion to set aside the agreement and covenant not to enforce judgment is affirmed.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
SMITH, L. and BARFIELD, JJ., concur.

. s. 768.31(5), Fla.Stat. (1983), provides:
(5) RELEASE OR COVENANT NOT TO SUE. —When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant or in the amount of the consideration paid for it, whichever is the greater; and,
(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.